1

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian (SBN 249203)
*ak@kazlg.com*
Mona Amini (SBN 296829)
*mona@kazlg.com*
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
(800) 400-6808; Fax: (800) 520-5523

2

3

4

5

6

**ROBINSON CALCAGNIE, INC.**
Daniel S. Robinson (SBN 244245)
*drobinson@robinsonfirm.com*
Michael W. Olson (SBN 312857)
*molson@robinsonfirm.com*
19 Corporate Plaza Drive
Newport Beach, California
(949) 720-1288; Fax: (949) 720-1292

**LARSON LLP**
Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
(213) 436-4864; Fax: (213) 623-2000

7

8

9

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger (*Pro Hac Pending*)
*gklinger@milberg.com*
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878

10

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Alyssa Brown (SBN 301313)
*abrown@ahdootwolfson.com*
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
(310) 474-9111; Fax: (310) 474-8585

11

12

13

14

15

*Interim Co-Lead Counsel for Plaintiffs*

16

17

**UNITED STATES DISTRICT COURT**

18

**CENTRAL DISTRICT OF CALIFORNIA**

19

**SOUTHERN DIVISION**

20

21

*In re loanDepot Data Breach Litigation*

Case No. 8:24-cv-00136-DOC-JDEx

22

Assigned for All Purposes to:
Courtroom 10A; Hon. David O. Carter

23

24

This Document Relates to: All Actions

**DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP RE: PROPOSED NOTICE PLAN & SETTLEMENT ADMINISTRATION**

25

26

27

28

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

I, Steven Weisbrot, declare and state as follows:

1. I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

2. I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3. I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4. I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School *Best Practices Guide to Class Action Litigation*.

5. I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.    Prior to joining Angeion's executive team, I was employed as Director of Class Action Services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7.    My notice work comprises a wide range of class actions that include product defects, false advertising, data breach, mass disasters, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.    I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.    By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at www.angeiongroup.com.

10.    As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11.    Angeion has extensive experience administering landmark settlements involving some of the world's most prominent companies, including:

**In re: Facebook, Inc Consumer Privacy User Profile Litigation**
Case No. 3:18-md-02843-VC (N.D. Cal.)

3

Meta agreed to pay $725 million to settle allegations that the social media company allowed third parties, including Cambridge Analytica, to access personal information. Angeion undertook an integrated in-app notification and media campaign to a class in the hundreds of millions of individuals and processed 28.6 million claims, the most claims filed in the history of class action. In fact, during the September 7, 2023 Final Approval Hearing, U.S. District Judge Chhabria acknowledged the record number of claims filed, stating, "I was kind of blown away by how many people made claims."

**In re Apple Inc. Device Performance Litigation**
Case No. 5:18-cv-02827-EJD (N.D. Cal.)
Apple agreed to pay $310 million to settle allegations of diminished performance in iPhone 6's and 7's. Angeion's direct notification efforts were recognized as reaching 99%+ of the current and former owners of 129 million class devices. Millions of claims were processed.

**City of Long Beach, et al. v. Monsanto, et al.**
Case No. 2:16-cv-03493-FMO-AS (C.D. Cal.)
Bayer agreed to pay $650 million to settle allegations of waterbodies impaired by PCBs. Angeion's notice administration was extraordinarily successful with direct notice delivered to 99.7% of the class. The claims administration includes multiple complex claims filing workflows for different funding allocations, including separate fund for "special needs" claimants.

**Beckett v. Aetna Inc.**
Case No. 2:17-cv-03864-JS (E.D. Pa.)
A consolidated data breach class action that arose from the alleged improper disclosure of Protected Health Information by a health insurer and previous claims administrator, including confidential HIV-related information. Angeion provided specialized training to our support team concerning the sensitive nature of the case and underlying health information. Angeion implemented robust privacy protocols to communicate with and verify the claims of the affected class members, including anonymized notice packets and allowing claimants to lodge objections under pseudonyms.

12.    Angeion has extensive experience administering privacy settlements, notably:

| Case | Case No. | Court |
|---|---|---|
| Abubaker v. Dominion Dental USA Inc. | 1:19-cv-01050 | E.D. Va. |
| Adkins v. Facebook Inc. | 3:18-cv-05982 | N.D. Cal. |
| Alexander et al. v. Otis R Bowen Center for Human Services Inc. | 43D04-2104-CT-000019 | Ind. Super. Ct. |
| Baldwin v. James Mitchell PhD et al. | CV-2018-900302.00 | Ala. Cir. Ct. |
| Carr et al. v. Beaumont Health et al. | 2020-181002-NZ | Mich. Cir. Ct. |
| Clark v. Experian Information Solutions, Inc. | 3:16-cv-00032 | E.D. Va. |
| Cotter v. Checkers Drive-In restaurants Inc. | 8:19-cv-01386 | M.D. Fla. |
| Culbertson v. Deloitte Consulting LLP | 1:20-cv-03962 | S.D.N.Y. |
| Devine v. Health Aid of Ohio Inc. | CV-21-948117 | Ohio Ct. Com. Pl. |
| Friske v Bonnier Corporation | 2:16-cv-12799 | E.D. Mich. |
| Gaston et al. v. FabFitFun Inc. | 2:20-cv-09534 | C.D. Cal. |
| Goetz v. Benefit Recovery Specialists Inc. | 2020CV000550 | Wis. Cir. Ct. |
| Heath et al. v. Insurance Technologies Corp. and Zywave Inc. | 3:21-cv-01444 | N.D. Tex. |
| Hough v. Navistar Inc. | 2021L001161 | Ill. Cir. Ct. |
| Hozza v. PrimoHoagies Franchising Inc. | 1:20-cv-04966 | D.N.J. |
| In re: 21st Century Oncology Customer Data Security Breach Litigation | 8:16-md-02737 | M.D. Fla. |
| In re: Ashley Madison Customer Data Security Breach Litigation | 4:15-md-02669 | E.D. Mo. |
| In re: Citrix Data Breach Litigation | 0:19-cv-61350 | S.D. Fla. |
| In re: Google Plus Profile Litigation | 5:18-cv-06164 | N.D. Cal. |
| In re: Hanna Andersson and Salesforce.com Data Breach Litigation | 3:20-cv-00812 | N.D. Cal. |
| In re: Herff Jones Data Breach Litigation | 1:21-cv-01329 | S.D. Ind. |
| In re: Home Depot, Inc., Customer Data Security Breach Litigation | 1:14-md-02583 | N.D. Ga. |
| Llamas et al. v. TrueFire LLC and TrueFire Inc. | 8:20-cv-00857 | M.D. Fla. |
| Madrid et al. v. Golden Valley Health Centers | 20-CV-01484 | Cal. Super. Ct. |
| McKenzie v Allconnect Inc. | 5:18-cv-00359 | E.D. Ky. |
| Nelson et al. v. Idaho Central Credit Union | CV03-20-00831/CV03-20-03221 | Idaho Jud. Dist. |
| Newman v. JM Bullion Inc. | BCV-21-100436 | Cal. Super. Ct. |
| Pagoaga v Stephens Institute d/b/a Academy of Art University | CGC 16-551952 | Cal. Super. Ct. |
| Pygin v. Bombas LLC et al. | 4:20-cv-04412 | N.D. Cal. |

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

| Remijas et al. v. Neiman Marcus Group LLC | 1:14-cv-01735 | N.D. Ill. |
| Riggs v. Kroto Inc., d/b/a iCanvas | 1:20-cv-05822 | N.D. Ill. |
| Rivera v Aimbridge Hospitality, LLC | 2018-CA-7870 | Fla. Cir. Ct. |
| Sackin, et al. v. TransPerfect Global, Inc. | 1:17-cv-01469 | S.D.N.Y. |

13.     Angeion has no affiliation with counsel for any party in this matter.

## DATA SECURITY & INSURANCE

14.     Prior to the selection and retention of Angeion in this action, as part of the class action administrator vetting and bidding process, Class Counsel discussed with Angeion our rigorous practices and policies to ensure security and privacy of the Settlement Class data.

15.     As a data processor, Angeion performs services on data provided only as outlined in a contract, associated statement(s) of work, and/or court order. Pursuant to the terms of the statement of work provided by Angeion for this action, Angeion is not permitted to use the data provided by loanDepot or information provided by members of the Settlement Class for any purpose other than the administration of the Settlement in this action except for additional processing to reduce fraudulent claim filing activity.

16.     Angeion recognizes the critical need to secure our physical and network environments and protect data in our custody. It is our commitment to these matters that has made us the go-to administrator for many of the most prominent data security matters of this decade. We are ever improving upon our robust policies, procedures, and infrastructure by periodically updating data security policies as well as our approach to managing data security in response to changes to physical environment, new threats and risks, business circumstances, legal and policy implications, and evolving technical environments.

17.     Angeion's privacy practices are compliant with the California Consumer Privacy Act, as currently drafted. Consumer data obtained for the delivery of each project is used only for the purposes intended and agreed in advance by all contracted

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

parties, including compliance with orders issued by State or Federal courts as appropriate. Angeion imposes additional data security measures for the protection of Personally Identifiable Information (PII) and Personal Health Information (PHI), including redaction, restricted network and physical access on a need-to-know basis, and network access tracking. Angeion requires background checks of all employees, requires background checks and ongoing compliance audits of its contractors, and enforces standard protocols for the rapid removal of physical and network access in the event of an employee or contractor termination.

18.    Data is transmitted using Transport Layer Security (TLS) 1.3 protocols. Network data is encrypted at rest with the government and financial institution standard of AES 256-bit encryption. We maintain an offline, air-gapped backup copy of all data, ensuring that projects can be administered without interruption.

19.    Beyond Angeion's technology, our people play a vital role in protecting class members' and our clients' information. Angeion has a dedicated information security team comprised of highly trained, experienced, and qualified security professionals. Our teams stay on top of important security issues and retain important industry standard certifications.

20.    Further, our team conscientiously monitors the latest compliance requirements, such as GDPR, HIPAA, PCI DSS, and others, to ensure that our organization is meeting all necessary regulatory obligations as well as aligning to industry best practices and standards set forth by frameworks like CIS and NIST. Angeion is cognizant of the ever-evolving digital landscape and continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

21.    Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

22.    Upon completion of a project, Angeion may continue to host all data until otherwise instructed in writing by a customer to delete, archive or return such data. When a customer requests that Angeion delete or destroy all data, Angeion agrees to delete or destroy all such data; provided, however, that Angeion may retain data as required by applicable law, rule or regulation, or court order. Angeion may also retain certain de-identified data sets to improve fraud detection processes. Class Counsel have instructed Angeion to only retain the data in this action for the pendency of the action, until the resolution of any appeals and final distributions have been made.

## SUMMARY OF THE NOTICE PLAN

23.    This declaration will describe the proposed Notice Plan for the Settlement Class that, if approved by the Court, Angeion will implement in this matter, including the considerations that informed the development of the plan and why we believe it will provide due process to Settlement Class Members. In my professional opinion, the proposed Notice Plan described herein is the best notice practicable under the circumstances, fulfilling all due process requirements, and fully comporting with Fed. R. Civ. P. 23.

24.    The Notice Plan includes direct notice via email or mail, including two reminder email notices, and the implementation of a dedicated Settlement Website and toll-free telephone line where Settlement Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

## DIRECT NOTICE

**Settlement Class Member Data**

25.    Angeion will receive, review, and analyze the Settlement Class Member

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

data provided by the defendant. Angeion performs a thorough analysis to identify duplicative records, as well as missing/incomplete data fields. Angeion will then assign identification numbers to each unique record, which will comprise the Settlement Class List.

**Email Notice**

26.    As part of the Notice Plan, Angeion will email the Summary Notice to Settlement Class Members who have valid email addresses included on the Settlement Class List.

27.    Angeion follows best practices to both validate emails and increase deliverability. Specifically, prior to distributing the email notice, Angeion subjects the email addresses on the Class List to a cleansing and validation process. The email cleansing process will remove extra spaces, fix common typographical errors in domain names, and correct insufficient domain suffixes (*e.g.*, gmal.com to gmail.com, gmail.co to gmail.com, yaho.com to yahoo.com, etc.). The email addresses will then be subjected to an email validation process whereby each email address will be compared to known bad email addresses.[1] Email addresses that are not designated as a known bad address will then be further verified by contacting the Internet Service Provider ("ISP") to determine if the email address exists.

28.    Further, Angeion designs the email notice to avoid many common "red flags" that might otherwise cause an email recipient's spam filter to block or identify the email notice as spam. For example, Angeion does not include attachments like the Long Form Notice or Claim Form to the email notice, because attachments are often interpreted by various Internet Service Providers ("ISP") as spam. Instead, the email

---

[1] Angeion maintains a database of email addresses that were returned as permanently undeliverable, commonly referred to as a hard bounce, from prior campaigns. Where an address has been returned as a hard bounce within the last year, that email is designated as a known bad email address.

notice will contain a secure link that will take the recipient directly to the online Claim Form.

29.     Angeion has significant experience disseminating email notices to voluminous class sizes.  Angeion strategically staggers the release of emails, starting with a smaller number of emails and gradually increasing the volume of emails sent to a given domain. In our experience, this form of "priming" or "warming up" minimizes the probability of ISPs blocking email notices.

30.     Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, after the initial noticing campaign is complete, Angeion, after an approximate 24- to 72-hour rest period (which allows any temporary block at the ISP level to expire) causes a second round of email noticing to continue to any email addresses that were previously identified as soft bounces and not delivered. In our experience, this minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

31.     At the completion of the email campaign, Angeion will report to the Court concerning the rate of delivered emails accounting for any emails that are blocked at the ISP level. In short, the Court will possess a detailed, verified account of the success rate of the entire direct email notice campaign.

**Mailed Notice**

32.     As part of the Notice Plan, Angeion will cause the Summary Notice to be mailed via first class U.S. Mail, postage pre-paid, to all Settlement Class Members for whom a mailing address is provided on the Settlement Class List and whose Summary Notice could not be delivered via email, and for those Settlement Class Members who did not have an email address on the Settlement Class List. The mailed Summary Notice will be formatted as a double postcard with a returnable Claim Form which will utilize Business Reply Mail, allowing Settlement Class Members to mail

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

the returnable Claim Form without having to affix postage.

33.    Angeion will employ the following best practices to increase the deliverability rate of the mailed notices: (i) Angeion will cause the mailing address information for Settlement Class Members to be updated utilizing the United States Postal Service's ("USPS") National Change of Address database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS; (ii) Summary Notices returned to Angeion by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS; (iii) Summary Notices returned to Angeion by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses; (iv) Summary Notices will be re-mailed to Settlement Class Members for whom updated addresses were identified via the skip tracing process.

**Reminder Email Notices**

34.    Angeion will cause reminder notices to be sent via email to any Settlement Class Member who has a valid email address, and who has not submitted a Claim Form in accordance with the terms of the Settlement Agreement.

## SETTLEMENT WEBSITE

35.    The Notice Plan provides for the creation of a case-specific Settlement Website where Settlement Class Members can easily submit a Claim Form and upload supporting documentation via a customized secure online portal. The Settlement Website will also include a customized online exclusion portal where Settlement Class Members can securely submit a request to be excluded from the Settlement.

36.    The Settlement Website will also provide Settlement Class Members with general information about this Settlement, including important dates and

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

deadlines, and answers to frequently asked questions. Settlement Class Members can also review or download relevant Court documents, including the Long Form Notice (in both English and Spanish), the Claim Form, the Court's Order Preliminarily Approving the Settlement, the Settlement Agreement, the operative Complaint filed in this Action, as well as any other materials agreed upon by the Parties and/or required by the Court. Settlement Class Members will be able to send a message with any additional questions to a dedicated email address.

37.    The Settlement Website will be designed to be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. Additionally, the Settlement Website will be designed to maximize search engine optimization through Google and other search engines. Keywords and natural language search terms will be included in the Settlement Website's metadata to maximize search engine rankings.

## TOLL-FREE TELEPHONE SUPPORT

38.    A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of their rights and options pursuant to the terms of the Settlement. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.

39.    Additionally, Settlement Class Members will be able to leave a voicemail with their name and address if they want the Long Form Notice and/or Claim Form mailed to them.

## NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

40.    Within ten (10) days of the filing of the Settlement Agreement with this Court, Angeion will cause notice to be disseminated to the appropriate state and federal officials pursuant to the requirements of the Class Action Fairness Act, 28

U.S.C. §1715.

## **PLAIN LANGUAGE NOTICE DESIGN**

41.     The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The Notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

42.     Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language." Angeion maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Settlement Class Members in plain language.

## **FRAUD DETECTION**

43.     Angeion has developed and deployed a real-time fraud detection system, AngeionAffirm, which is the first and only comprehensive solution to identify fraud in real time based on both state-of-the-art technology and analysis of over a decade of historical claims data.[2] AngeionAffirm was developed to combat the rising tide of fraudulent claims in class action settlements and the increasingly sophisticated technologies and techniques used by fraudulent actors in their attempt to perpetuate fraud, and will be implemented to detect fraudulent claim submissions in this

---

[2] *See* https://www.angeiongroup.com/angeion-group-announces-angeionaffirm-2-0/ for information about the launch of AngeionAffirm 2.0 (last visited November 20, 2024).

DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP

1   Settlement.

2       44.     Courts have recognized the success of AngeionAffirm. By way of

3   example, in the Court's July 26, 2024, Report and Recommendation, United States

4   Magistrate Judge Stewart D. Aaron stated, "The Court finds that the claims process

5   administered by Angeion has integrity and has been carried out in a diligent and

6   thorough manner…Based upon the Court's review of the record, the Court finds that

7   Angeion has taken prudent and necessary steps to address the fraudulent claims

8   submitted in this case… Angeion's fraud detection system is robust and appropriately

9   designed to weed out fraudulent claims." (*See In re: Novartis and Par Antitrust*

10  *Litigation*, No. 1:18-cv-04361-AKH-SDA, S.D.N.Y, Report and Recommendation,

11  ECF No. 667).

12              **ADDITIONAL SETTLEMENT ADMINISTRATION**

13      45.     Angeion will maintain reasonably detailed records of its activities. These

14  records will be maintained as required by applicable law in accordance with its

15  business practices and such records will be made available to Class Counsel and

16  loanDepot's Counsel upon reasonable request. Angeion will provide reports and other

17  information to the Court as the Court may require. Upon request, Angeion will provide

18  Class Counsel and loanDepot's Counsel with information concerning Notice,

19  administration, and implementation of the Settlement.

20      46.     Angeion will also Receive Requests for Exclusion from Settlement Class

21  Members and (i) provide weekly or other periodic reports to loanDepot's Counsel that

22  include, without limitation, reports regarding the number of Requests for Exclusion

23  received; and (ii) provide Class Counsel and loanDepot's Counsel a copy thereof no

24  later than five Days following the Opt-Out Period, or receipt if received after

25  expiration of the Opt-Out Period.

26      47.     Angeion will provide weekly or other periodic reports to Class Counsel

27  and loanDepot's Counsel that include, without limitation, reports regarding the

28

number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected by the Settlement Administrator. Angeion will also, as requested by Class Counsel or loanDepot's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund.

48.    Angeion will also make available for inspection by Class Counsel and loanDepot's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

49.    Angeion will also cooperate with any audit by Class Counsel or loanDepot's Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of the Settlement Agreement.

## ESTIMATED NOTICE AND ADMINISTRATION COSTS

50.    Angeion has agreed to provide notice and administration services as described herein and in the Settlement Agreement for an amount not to exceed $1,500,000.00.[3] The pricing details comprising the administration cost estimate are competitively sensitive. Upon request, Angeion will provide its itemized estimate to the Court.

## CONCLUSION

51.    The Notice Plan outlined above includes direct notice via email or mail, with two additional reminder email notices, and the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members

---

[3] The estimate was created based on certain specifications provided to Angeion, such as the size of the Class List for disseminating notice of the Settlement, the manner of disseminating notices, and corresponding assumptions made, including issuing Settlement payments in a single distribution. Actual costs may vary based on deviations from these assumptions.

1  of their rights and options in the Settlement.

2       52.    In my professional opinion, the Notice Plan described herein will provide

3  full and proper notice to Settlement Class Members and is the best practicable notice

4  under the circumstances, fulfilling all due process requirements, and fully comporting

5  with Fed. R. Civ. P. 23. After the Notice Plan has concluded, Angeion will provide a

6  final report verifying its effective implementation to this Court.

7       I hereby declare under penalty of perjury that the foregoing is true and correct.

8  Dated:  December 2, 2024

9

10  STEVEN WEISBROT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A





INNOVATION
IT'S PART OF OUR DNA

Class Action Administration | Mass Arbitration Administration
Mass Tort Services | Regulatory Remediation

Judicial Recognition

© Angeion Group, LLC

**ANGEION GROUP**
Writing the Rules

## IN RE: NOVARTIS AND PAR ANTITRUST LITIGATION
**Case No. 1:18-cv-04361-AKH-SDA (S.D.N.Y.)**
The Honorable Stewart D. Aaron, United States Magistrate Judge, Southern District of New York (July 26, 2024): The Court finds that the claims process administered by Angeion has integrity and has been carried out in a diligent and thorough manner...Based upon the Court's review of the record, the Court finds that *Angeion has taken prudent and necessary steps to address the fraudulent claims submitted in this case... Angeion's fraud detection system is robust and appropriately designed to weed out fraudulent claims.*

## IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION
**Case No. 3:18-md-02843 (N.D. Cal.)**
Meta agreed to pay $725 million to settle allegations that the social media company allowed third parties, including Cambridge Analytica, to access personal information. Angeion undertook an integrated in-app notification and media campaign to a class in the hundreds of millions of individuals and processed 28.6 million claims, the most claims filed in the history of class action.  In fact, during the September 7, 2023 Final Approval Hearing, U.S. District Judge Chhabria acknowledged the record number of claims filed, stating, *"I was kind of blown away by how many people made claims."*

## BRAUN v. THE PHILADELPHIA INQUIRER, LLC
**Case No. 2:22-cv-04185 (E.D. Pa.)**
The Honorable John M. Younge (August 8, 2024): 16. The proposed form and manner of notice to members of the Settlement Class set forth in the Weisbrot Declaration...along with the proposed methods of dissemination of notice described therein, satisfy the requirements of Rule 23(e) and due process, are otherwise fair and reasonable, and therefore are approved.

## GUIDA v. GAIA, INC.
**Case No. 1:22-cv-02350 (D. Colo.)**
The Honorable Gordon P. Gallagher (July 19, 2024): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law...The Court further finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. Accordingly, the Court finds that no notice other than that specifically identified in the Settlement is necessary in this Action.

## FERNANDEZ v. CORELOGIC CREDCO, LLC
**Case No. 3:20-cv-01262 (S.D. Cal.)**
The Honorable Jeffrey T. Miller (June 20, 2024): The court approved notice of this class action and proposed settlement in the June 16, 2024, Preliminary Approval Order.  The Agreement called for sending the Notice directly to class members through email ("email notice") and/or via U.S. Mail.  ("notice packet"). In support of his Motions, Plaintiff has filed the Declaration of Lacey Rose, who is employed as a "Senior Project Manager with Angeion," and the Declaration of Steven Weisbrot, the President and Chief Executive Officer of Angeion, the Settlement Administrator retained in this matter.  See generally, Doc. No. 316-5, Doc. No. 329.  Both declarations detail the actions taken by the Administrator...Accordingly, *the court determines that the Notice in the case was copious, impressive, more than adequate*, and satisfied both the requirements of Rule 23 and due process, giving the settlement class members adequate notice of the Settlement.



## JONES v. VARSITY BRANDS, LLC
**Case No. 2:20-cv-02892 (W.D. Tenn.)**
The Honorable Sheryl H. Lipman  (June 18, 2024): Indirect Purchasers have retained Angeion to serve as Settlement Administrator...*Angeion has designed a multi-layered sophisticated plan* using a combination of Internet, email, publication, social media...The Notice Plan adequately apprises all potential class members of the terms of the Settlement Agreement, provides the opportunity to make informed decisions, and comports with due process.

## SALINAS v. BLOCK, INC.
**Case No. 3:22-cv-04823 (N.D. Cal.)**
The Honorable Sallie Kim  (June 3, 2024): The Court...(b) finds and determines that emailing the Summary Notice, reminder emails to Class Members (if available), and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, supplemented by any social media and print media advertisements deemed appropriate by the Parties (i) constitutes the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action...(iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

## ESPOSITO v. CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS
**Case No. MID-L-006360-23 (N.J. Super. Ct.)**
The Honorable Ana C. Viscomi  (April 26, 2024): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as appropriate reminder notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members...(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of N.J. Ct. R. R. 4:32-1 and 4:32-2, Due Process under the U.S. Constitution, and any other applicable law.

## KUKORINIS v. WALMART, INC.
**Case No. 8:22-cv-02402 (M.D. Fla.)**
The Honorable Virginia M. Hernandez Covington (January 19, 2024): The Notice Plan, including the form of the notices and methods for notifying the Settlement Class of the Settlement and its terms and conditions...a. meet the requirements of the Federal Rules of Civil Procedure (including Rule 23 (c)-(e)), the United States Constitution (including the Due Process Clause), and the Rules of this Court; b. constitute the best notice to Settlement Class Members practicable under the circumstances...

## LE v. ZUFFA, LLC
**Case No. 2:15-cv-01045 (D. Nev.)**
The Honorable Richard F. Boulware, II (November 17, 2023): The proposed Notice Plan, including the proposed forms and manner of notice, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure.

## IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
**Case No. 8:22-ml-03052 (C.D. Cal.)**
The Honorable James V. Selna (October 31, 2023): The Court has considered the form and content of the Class notice program and finds that the Class notice program and methodology as described in the Settlement

Agreement (a) meet the requirements of due process and Federal Rules of Civil Procedure 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice.

## AMANS v. TESLA, INC.
**Case No. 3:21-cv-03577 (N.D. Cal.)**
The Honorable Vince Chhabria (October 20, 2023): The Court further finds that the Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this case, the terms of the Settlement Agreement, the right to object to the Settlement, and the right to exclude themselves from the Settlement Class.

## IN RE: PHILLIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION
**Case No. 2:21-mc-01230 (MDL No. 3014) (W.D. Pa.)**
The Honorable Joy Flowers Conti (October 10, 2023): The Court finds that the method of giving notice to the Settlement Class ("Notice Plan")...(a) constitute the best notice practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms and benefits of the proposed Settlement...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and any other persons entitled to receive notice, (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Rule 23(c), the Due Process Clause(s) of the United States Constitution, and any other applicable laws...

## IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION
**Case No. 2:18-mn-02873 (D.S.C.)**
The Honorable Richard Mark Gergel (August 29, 2023): The Court also approves the proposed Notice Plan set forth in Exhibit C to the Settlement Agreement...The proposed Notice Plan is the best practicable notice under the circumstances of this case; is reasonably calculated under the circumstances to apprise potential Class Members of the Settlement Agreement and of their right to object to or exclude themselves from the proposed Settlement Class; is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive it; and meets all applicable requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and other applicable laws and rules.

## LUNDY v. META PLATFORMS, INC.
**Case No. 3:18-cv-06793 (N.D. Cal.)**
The Honorable James Donato (April 26, 2023): For purposes of Rule 23(e), the Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto are approved...The form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval are accepted at this time as practicable and reasonable in light of the rather unique circumstances of this case.

## IN RE: FACEBOOK INTERNET TRACKING LITIGATION
**Case No. 5:12-md-02314 (N.D. Cal.)**
The Honorable Edward J. Davila (November 10, 2022): The Court finds that Plaintiffs' notice meets all applicable requirements of due process and is particularly impressed with Plaintiffs' methodology and use of technology to reach as many Class Members as possible. Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.


**Writing the Rules**

## MEHTA v. ROBINHOOD FINANCIAL LLC
**Case No. 5:21-cv-01013 (N.D. Cal.)**
The Honorable Susan van Keulen (August 29, 2022): The proposed notice plan, which includes direct notice via email, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Class Members...The plan and the Notice constitute due, adequate, and sufficient notice to Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

## IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION
**Case No. 1:20-cv-04699 (N.D. Ill.)**
The Honorable John Z. Lee (August 22, 2022): The Class Notice was disseminated in accordance with the procedures required by the Court's Order Granting Preliminary Approval...in accordance with applicable law, satisfied the requirements of Rule 23(e) and due process, and constituted the best notice practicable...

## ADTRADER, INC. v. GOOGLE LLC
**Case No. 5:17-cv-07082 (N.D. Cal.)**
The Honorable Beth L. Freeman (May 13, 2022):  The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Forms attached to the Weisbrot Declaration, subject to the Court's one requested change as further described in Paragraph 8 of this Order, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members...The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice Plan fully complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

## CITY OF LONG BEACH v. MONSANTO COMPANY
**Case No. 2:16-cv-03493 (C.D. Cal.)**
The Honorable Fernando M. Olguin (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

## STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC
**Case No. 3:20-cv-00903 (E.D. Va.)**
The Honorable John A. Gibney Jr. (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

## WILLIAMS v. APPLE INC.
**Case No. 3:19-cv-04700 (N.D. Cal.)**
The Honorable Laurel Beeler (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves

ANGEION GROUP
**Writing the Rules**

from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

## CLEVELAND v. WHIRLPOOL CORPORATION
**Case No. 0:20-cv-01906 (D. Minn.)**
The Honorable Wilhelmina M. Wright (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances…The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

## RASMUSSEN v. TESLA, INC. D/B/A TESLA MOTORS, INC.
**Case No. 5:19-cv-04596 (N.D. Cal.)**
The Honorable Beth Labson Freeman (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

## CAMERON v. APPLE INC.
**Case No. 4:19-cv-03074 (N.D. Cal.)**
The Honorable Yvonne Gonzalez Rogers (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

## RISTO v. SCREEN ACTORS GUILD - AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS
**Case No. 2:18-cv-07241 (C.D. Cal.)**
The Honorable Christina A. Snyder (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website…The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)…

## JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.
**Case No. 2:15-cv-01219 (E.D.N.Y.)**
The Honorable Joanna Seybert (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement…The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish), and other key case documents; publication notice in forms attached as Exhibits E and F to



the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

## NELLIS v. VIVID SEATS, LLC
### Case No. 1:20-cv-02486 (N.D. Ill.)
The Honorable Robert M. Dow, Jr. (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation...(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

## PELLETIER v. ENDO INTERNATIONAL PLC
### Case No. 2:17-cv-05114 (E.D. Pa.)
The Honorable Michael M. Baylson (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

## BIEGEL v. BLUE DIAMOND GROWERS
### Case No. 7:20-cv-03032 (S.D.N.Y.)
The Honorable Cathy Seibel (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action...and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS
### Case No. 37-2019-00017834-CU-NP-CTL (Cal. Super. Ct.)
The Honorable Eddie C. Sturgeon (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

## HOLVE v. MCCORMICK & COMPANY, INC.
### Case No. 6:16-cv-06702 (W.D.N.Y.)
The Honorable Mark W. Pedersen (September 23, 2021): The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the

circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

## CULBERTSON v. DELOITTE CONSULTING LLP
**Case No. 1:20-cv-03962 (S.D.N.Y.)**
The Honorable Lewis J. Liman (August 27, 2021): The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

## PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC
**Case No. 3:19-cv-00167 (N.D. Ga.)**
The Honorable Timothy C. Batten, Sr. (August 24, 2021): Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

## IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)
**Case No. 6:20-md-02977 (E.D. Okla.)**
The Honorable Robert J. Shelby (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan...The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

## ROBERTS v. AT&T MOBILITY, LLC
**Case No. 3:15-cv-03418 (N.D. Cal.)**
The Honorable Edward M. Chen (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action ...(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

## PYGIN v. BOMBAS, LLC
**Case No. 4:20-cv-04412 (N.D. Cal.)**
The Honorable Jeffrey S. White (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably



calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

## WILLIAMS v. RECKITT BENCKISER LLC
**Case No. 1:20-cv-23564 (S.D. Fla.)**
The Honorable Jonathan Goodman (April 23, 2021): The Court approves, as to form and content, the Class Notice and Internet  Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

## IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION
**Case No. 5:18-md-02827 (N.D. Cal.)**
The Honorable Edward J. Davila (March 17, 2021): Angeion undertook a comprehensive notice campaign...The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

## IN RE: GOOGLE PLUS PROFILE LITIGATION
**Case No. 5:18-cv-06164 (N.D. Cal.)**
The Honorable Edward J. Davila (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members.

## NELSON v. IDAHO CENTRAL CREDIT UNION
**Case No. CV03-20-00831, CV03-20-03221 (Idaho Jud. Dist.)**
The Honorable Robert C. Naftz  (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

## IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION
**Case No. 3:20-cv-00812 (N.D. Cal.)**
The Honorable Edward M. Chen (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

## IN RE: PEANUT FARMERS ANTITRUST LITIGATION
**Case No. 2:19-cv-00463 (E.D. Va.)**
The Honorable Raymond A. Jackson (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons

ANGEION GROUP
**Writing the Rules**

entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

## BENTLEY v. LG ELECTRONICS U.S.A., INC.
**Case No. 2:19-cv-13554 (D.N.J.)**
The Honorable Madeline Cox Arleo (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

## IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION
**Case No. 2:19-mn-02886 (D.S.C.)**
The Honorable David C. Norton (December 18, 2020):  The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

## ADKINS v. FACEBOOK, INC.
**Case No. 3:18-cv-05982 (N.D. Cal.)**
The Honorable William Alsup (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

## IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION
**Case No. 8:16-md-02737 (M.D. Fla.)**
The Honorable Mary S. Scriven (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of  the  Settlement  Agreement,  Long  Form  Notice, Summary Notice, and Claim Form on  the  Settlement  Website,  all  pursuant  to  this  Order,  constitute  the  best  notice  practicable  under  the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

## MARINO v. COACH INC.
**Case No. 1:16-cv-01122 (S.D.N.Y.)**
The Honorable Valerie Caproni (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in

plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## BROWN v. DIRECTV, LLC
**Case No. 2:13-cv-01170 (C.D. Cal.)**
The Honorable Dolly M. Gee (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

## IN RE: SSA BONDS ANTITRUST LITIGATION
**Case No. 1:16-cv-03711 (S.D.N.Y.)**
The Honorable Edgardo Ramos (July 15, 2020): The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

## KJESSLER v. ZAAPPAAZ, INC.
**Case No. 4:18-cv-00430 (S.D. Tex.)**
The Honorable Nancy F. Atlas (July 14, 2020): The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

## HESTER v. WALMART, INC.
**Case No. 5:18-cv-05225 (W.D. Ark.)**
The Honorable Timothy L. Brooks (July 9, 2020): The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

## CLAY v. CYTOSPORT INC.
**Case No. 3:15-cv-00165 (S.D. Cal.)**
The Honorable M. James Lorenz (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

## GROGAN v. AARON'S INC.
**Case No. 1:18-cv-02821 (N.D. Ga.)**
The Honorable J.P. Boulee (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

## CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO
**Case No. D-202-CV-2001-00579 (N.M. Jud. Dist.)**
The Honorable Carl Butkus (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

## SCHNEIDER v. CHIPOTLE MEXICAN GRILL, INC.
**Case No. 4:16-cv-02200 (N.D. Cal.)**
The Honorable Haywood S. Gilliam, Jr. (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23...The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

## HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
**Case No. 8:19-cv-00550 (M.D. Fla.)**
The Honorable Charlene Edwards Honeywell (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

## CORCORAN v. CVS HEALTH
**Case No. 4:15-cv-03504 (N.D. Cal.)**
The Honorable Yvonne Gonzalez Rogers (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider...Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B).

## PATORA v. TARTE, INC.
**Case No. 7:18-cv-11760 (S.D.N.Y.)**
The Honorable Kenneth M. Karas (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members...(c) are reasonable

ANGEION GROUP
Writing the Rules

and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## CARTER v. GENERAL NUTRITION CENTERS, INC., AND GNC HOLDINGS, INC.
**Case No. 2:16-cv-00633 (W.D. Pa.)**
The Honorable Mark R. Hornak (September 9, 2019): The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

## CORZINE v. MAYTAG CORPORATION
**Case No. 5:15-cv-05764 (N.D. Cal.)**
The Honorable Beth L. Freeman (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

## MEDNICK v. PRECOR, INC.
**Case No. 1:14-cv-03624 (N.D. Ill.)**
The Honorable Harry D. Leinenweber (June 12, 2019): Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

## GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP
**Case No. 1:18-cv-20048 (S.D. Fla.)**
The Honorable Darrin P. Gayles (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

## ANDREWS v. THE GAP, INC.
**Case No. CGC-18-567237 (Cal. Super. Ct.)**
The Honorable Richard B. Ulmer Jr. (May 10, 2019): The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

**ANGEION** GROUP
Writing the Rules

## COLE v. NIBCO, INC.
**Case No. 3:13-cv-07871 (D.N.J.)**
The Honorable Freda L. Wolfson (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this..., (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

## DIFRANCESCO v. UTZ QUALITY FOODS, INC.
**Case No. 1:14-cv-14744 (D. Mass.)**
The Honorable Douglas P. Woodlock (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

## IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
**Case No. 3:17-md-02777 (N.D. Cal.)**
The Honorable Edward M. Chen (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice...practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

## RYSEWYK v. SEARS HOLDINGS CORPORATION
**Case No. 1:15-cv-04519 (N.D. Ill.)**
The Honorable Manish S. Shah (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.


**Writing the Rules**

## MAYHEW V. KAS DIRECT, LLC, AND S.C. JOHNSON & SON, INC.
**Case No. 7:16-cv-06981 (S.D.N.Y.)**
The Honorable Vincent J. Briccetti (June 26, 2018): In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

## IN RE: OUTER BANKS POWER OUTAGE LITIGATION
**Case No. 4:17-cv-00141 (E.D.N.C.)**
The Honorable James C. Dever III (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

## GOLDEMBERG V. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
**Case No. 7:13-cv-03073 (S.D.N.Y.)**
The Honorable Nelson S. Roman (November 1, 2017): Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

## HALVORSON V. TALENTBIN, INC.
**Case No. 3:15-cv-05166 (N.D. Cal.)**
The Honorable Joseph C. Spero (July 25, 2017): The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law.

## IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION
**MDL No. 2669/Case No. 4:15-md-02669 (E.D. Mo.)**
The Honorable John A. Ross (July 21, 2017): The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an



average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

## TRAXLER v. PPG INDUSTRIES INC.
**Case No. 1:15-cv-00912 (N.D. Ohio)**
The Honorable Dan Aaron Polster (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

## IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION
**Case No. 1:14-md-02583 (N.D. Ga.)**
The Honorable Thomas W. Thrash Jr. (March 10, 2017): The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

## ROY v. TITEFLEX CORPORATION T/A GASTITE AND WARD MANUFACTURING, LLC
**Case No. 384003V (Md. Cir. Ct.)**
The Honorable Ronald B. Rubin (February 24, 2017): What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite.*

## IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION
**Case No. 2:08-cv-00051 (D.N.J.)**
The Honorable Madeline Cox Arleo (June 17, 2016): This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and…finds that the Members of the Settlement Class will receive the best notice practicable under the

circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

## FENLEY v. APPLIED CONSULTANTS, INC.
### Case No. 2:15-cv-00259 (W.D. Pa.)
The Honorable Mark R. Hornak (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of *the efforts of Angeion were highly successful and fulfilled all of those requirements.*

## FUENTES v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES
### Case No. 1:15-cv-08372 (S.D.N.Y.)
The Honorable J. Paul Oetken (May 16, 2016): The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

## IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION
### MDL No. 2001/Case No. 1:08-wp-65000 (N.D. Ohio)
The Honorable Christopher A. Boyko (May 12, 2016): The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

## SATERIALE v. R.J. REYNOLDS TOBACCO CO.
### Case No. 2:09-cv-08394 (C.D. Cal.)
The Honorable Christina A. Snyder (May 3, 2016): The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to

object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

## FERRERA v. SNYDER'S-LANCE, INC.
**Case No. 0:13-cv-62496 (S.D. Fla.)**
The Honorable Joan A. Lenard (February 12, 2016): The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

## SOTO v. THE GALLUP ORGANIZATION, INC.
**Case No. 0:13-cv-61747 (S.D. Fla.)**
The Honorable Marcia G. Cooke (June 16, 2015): The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

## OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.
**Case No. 3:14-cv-00645 (D. Or.)**
The Honorable Janice M. Stewart (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

## IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION
**MDL No. 2328/Case No. 2:12-md-02328 (E.D. La.)**
The Honorable Sarah S. Vance (December 31, 2014): To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.