**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian (SBN 249203)
*ak@kazlg.com*
Mona Amini (SBN 296829)
*mona@kazlg.com*
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
(800) 400-6808; Fax: (800) 520-5523

**ROBINSON CALCAGNIE, INC.**
Daniel S. Robinson (SBN 244245)
*drobinson@robinsonfirm.com*
Michael W. Olson (SBN 312857)
*molson@robinsonfirm.com*
19 Corporate Plaza Drive
Newport Beach, California
(949) 720-1288; Fax: (949) 720-1292

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Alyssa Brown (SBN 301313)
*abrown@ahdootwolfson.com*
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
(310) 474-9111; Fax: (310) 474-8585

**LARSON LLP**
Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
(213) 436-4864; Fax: (213) 623-2000

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger (*Pro Hac Pending*)
*gklinger@milberg.com*
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878

*Interim Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| *In re loanDepot Data Breach Litigation* | Case No. 8:24-cv-00136-DOC-JDEx |
| | Assigned for All Purposes to: Courtroom 10A; Hon. David O. Carter |
| This Document Relates to: All Actions | **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, dated November 27, 2024, is entered into by and among the Class Representatives,[1] for themselves individually and on behalf of the Settlement Class, and Defendants loanDepot, Inc. and loanDepot.com, LLC (collectively, "loanDepot" or "Defendants"). This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all claims of Class Representatives and the Settlement Class that could have been or were asserted in the consolidated action titled *In re: loanDepot Data Breach Litigation*, Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.), upon and subject to the terms and conditions hereof, and subject to the Court's approval. Class Representatives, as representatives of the Settlement Class, and loanDepot are collectively referred to herein as the "Parties."

## I.   BACKGROUND

WHEREAS, according to loanDepot's announcement made on or around January 8, 2024, an unauthorized third party gained access to certain of loanDepot's systems, some of which contained certain sensitive personal information, between January 3 and 5, 2024 (the "Data Breach"). (Dkt. No. 69). The information is alleged to have included a varied combination of the Class Representatives' and Class Members' names, addresses, email addresses, financial account numbers, Social Security numbers ("SSN"), phone numbers, and dates of birth, depending on the scope of information provided to loanDepot related to each such Class Representative or Settlement Class Member.

WHEREAS, following announcement of the Data Breach, twenty putative class action complaints were filed against loanDepot in the Central District of California, alleging claims related to the Data Breach, which were thereafter consolidated before this Court and the Honorable David O. Carter under the first-filed and lead action,

---

[1] Except as otherwise specified, capitalized words and terms herein shall have the meanings ascribed in Section IV.A. herein entitled "Definitions."

1  *Isaiah v. loanDepot, Inc.,* No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.). (Dkt. No. 18.[2])

2  WHEREAS, three other related cases, *Boykin, et al. v. loanDepot, Inc.,* Case No.

3  1:24-cv-2583 (N.D. Ill.), *Shippley v. loanDepot.com, LLC*, Case No. 2:24-cv-00813-

4  TL (W.D. Wa.), and *Hunter v. loanDepot.com, LLC*, Case No. 4:24-cv-00239-DGK

5  (W.D. Mo.), were initially filed in other federal districts but were thereafter transferred

6  to the Central District of California and ordered consolidated under the lead action.

7  (Case No. 8:24-cv-01119-DOC-JDE (C.D. Cal.), Dkt. No. 25; Case No. 2:24-cv-

8  05210-DOC-JDE (C.D. Cal.), Dkt. No. 35; Case No. 2:24-cv-05251-DOC-JDE (C.D.

9  Cal.), Dkt. No. 28).

10  WHEREAS, Abbas Kazerounian of Kazerouni Law Group, APC, Daniel S.

11  Robinson of Robinson Calcagnie, Inc., Tina Wolfson of Ahdoot & Wolfson, PC,

12  Stephen G. Larson of Larson LLP, and Gary M. Klinger of Milberg Coleman Bryson

13  Phillips Grossman, PLLC, were appointed by the Court as Interim Co-Lead Class

14  Counsel. (Dkt. No. 53).

15  WHEREAS, the Court issued a Case Management Order on May 9, 2024 (Dkt.

16  No. 55), which among other things, ordered that the Parties complete mediation by

17

18  [2] Dkt. No. 18 (consolidating *Rosas v. loanDepot Inc.*, No. 8:24-cv-00167-DOC-JDE, *Eggleton v. LoanDepot, Inc.*, No. 8:24-cv-00170-DOC-JDE, *Ware v. Loan Depot,*

19  *Inc.*, No. 8:24-cv-00179-DOC-JDE, *Penird v. loanDepot, Inc.*, No. 8:24-cv-00180-DOC-JDE, *Webbe v. LoanDepot, Inc.*, No. 8:24-cv-00190-DOC-JDE, and *Sullivan v.*

20  *loanDepot, Inc. et al.*, No. 8:24-cv-00194-DOC-JDE); *Rogers v. loanDepot, Inc.*, No.

21  2:24-cv-00766-DOC-JDE, Dkt. No. 12; *Schmidt, et al. v. LoanDepot, Inc.*, No. 8:24-cv-00200-DOC-JDE, Dkt. No. 14; *Coe v. loanDepot, Inc.,* No. 8:24-cv-00211-DOC-

22  JDE, Dkt. No. 16; *Six v. loanDepot, Inc.,* No. 8:24-cv-00213-DOC-JDE, Dkt. No. 13;

23  *Lako v. loanDepot, Inc.,* No. 8:24-cv-00216-DOC-JDE, Dkt. No. 11; *Joy v. loanDepot, Inc.,* Case No. 8:24-cv-00239, Dkt. No. 13; *Costello v. loanDepot, Inc.*,

24  Case No. 8:24-cv-00242, Dkt. No. 10; *Massaro, et al. v. loanDepot, Inc.*, Case No. 8:24-cv-00253, Dkt. No. 14; *Martin v. loanDepot, Inc.*, Case No. 8:24-cv-00265, Dkt.

25  No. 14; *Bower v. loanDepot, Inc.*, Case No. 8:24-cv-00305, Dkt. No. 19; *Nichols v.*

26  *loanDepot Inc.*, Case No. 8:24-cv-00342, Dkt. No. 11; *Soto, et al. v. loanDepot, Inc.*,

27  Case No. 8:24-cv-00433, Dkt. No. 12; and *Ryan v. loanDepot, Inc.,* Case No. 2:24-cv-03630, Dkt. No. 16.

28

3

June 13, 2024, and all papers filed in the consolidated action be filed under the first-filed case and lead action, Case No 8:24-cv-00136-DOC-JDEx and bear the following caption: *In re loanDepot Data Breach Litigation*.

WHEREAS, on June 3, 2024, Plaintiffs filed a Consolidated Class Action Complaint, alleging claims against loanDepot for (1) negligence, (2) breach of express contract, (3) breach of implied contract, (4) invasion of privacy, (5) violations of the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.150, *et seq*. ("CCPA"); (6) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL"), (7) violations of the California Customer Records Act, Cal. Civ. Code §§ 1798.80, *et seq*. ("CCRA"), (8) violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. ("CLRA"), (9) violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*., (10) violations of the New York Deceptive Trade Practices Act, New York Gen. Bus. Law § 349, (11) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1, *et seq*., (12) violation of the Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521, *et seq*., (13) violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq*., (14) violation of the Maine Uniform Deceptive Trade Practices Act, 10 Me. Rev. Stat. § 1212, *et seq*., (15) violation of the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. An. § 75-1.1, *et seq*., and (16) Declaratory and Injunctive Relief. (Dkt. No. 69).

WHEREAS, this settlement resulted from good faith, arm's length settlement negotiations, conducted during a full-day in-person mediation session before the Honorable Jay C. Gandhi (Ret.) of JAMS on June 6, 2024, and resulted in the Parties ultimately agreeing to a settlement in principle on June 14, 2024, which took into account, among other things, that loanDepot's stock price traded at approximately $31.48 per share as of February 12, 2021, and is trading at $2.91 as of August 16, 2024, loanDepot's lack of available insurance coverage, as well as certain aspects of loanDepot's financial performance and position as of the year ending December 31,

2023, including that:

- loanDepot reported $660.7 million in cash and cash equivalent assets;
- loanDepot's operations are materially affected by conditions in the mortgage loan and real estate markets, the financial markets and the economy generally, including inflation fluctuations, interest rates, consumer confidence and demand. As a result of such macroeconomic conditions, including elevated interest rates, loan origination activity significantly declined in fiscal 2023 and is expected to remain muted through 2024. This has resulted in a substantial decrease in loanDepot's revenues and the company incurred a net loss in fiscal 2023.
- If new products, services, enhancements or expansions do not achieve sufficient market acceptance or do not result in anticipated efficiencies and revenues, loanDepot's financial results and competitive position could be harmed;
- If loanDepot fails to promote and maintain its brands in a cost-effective manner, or if the company experiences negative publicity, it may lose market share and its revenue may decrease.[3]

WHEREAS, the above-described information and other information gleaned through investigation and necessary discovery enabled Plaintiffs and Class Counsel to make an informed decision about the fairness and adequacy of the Settlement, which was based, in part, on Plaintiffs' assessment of loanDepot's ability to pay more in this Settlement.

WHEREAS, since the Parties reached a settlement in principle, the Parties have engaged in additional confirmatory discovery, including concerning the factors outlined above, which informed the terms of this Settlement.

---

[3] loanDepot, Inc., Annual Report (Form 10-K) at 4, 29 (Dec. 31, 2023), https://d18rn0p25nwr6d.cloudfront.net/CIK-0001831631/0f25f324-71f0-4f2a-b937-526b4e9538a5.pdf.

5

WHEREAS, pursuant to the terms set forth below, this Agreement resolves all claims, actions, and proceedings asserted, or that could be asserted, against loanDepot, and the other Released Parties, arising out of or related in any way to the alleged Data Breach, by or on behalf of members of the Settlement Class herein defined, but excluding those who opt out from the Settlement Class after receiving notice of this Settlement or as otherwise stated in this Agreement.

## II.    PLAINTIFFS' CLAIMS AND BENEFITS OF THE SETTLEMENT

WHEREAS, Plaintiffs and Class Counsel have conducted a thorough examination of the law and facts relating to the matters at issue in the Action regarding Plaintiffs' claims and loanDepot's potential defenses, including obtaining verified confirmatory discovery from loanDepot, as well as an assessment of the merits of Plaintiffs' expected arguments in a motion for class certification. Based on an analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden and expense of continued litigation, including the risks and uncertainties associated with class certification, a protracted trial and appeal(s), as well as the fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Settlement Class is afforded important benefits and protections as expediently as possible. Plaintiffs and Class Counsel have also considered the uncertain outcome and the risk of further litigation, as well as the difficulties and delays inherent in such litigation.

WHEREAS, Plaintiffs and Class Counsel believe that the terms set forth in this Agreement will confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

WHEREAS, loanDepot has similarly concluded that this Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class, which they

1  vigorously dispute on the merits.

2  **III.    FOR SETTLEMENT PURPOSES ONLY**

3       WHEREAS, loanDepot specifically denies any and all wrongdoing, and this
4  Agreement, whether or not consummated, and any actions or proceedings taken
5  pursuant to this Agreement, are for settlement purposes only. The existence of, terms
6  in, and any action taken under or in connection with this Agreement shall not
7  constitute, be construed as, or be admissible in evidence as, any admission by
8  loanDepot of (i) the validity of any claim, defense, or fact asserted in the Action or any
9  other pending or future action, (ii) any wrongdoing, fault, violation of law, or liability
10  of any kind, or (iii) any infirmity in the defenses that loanDepot asserted or would
11  assert.

12  **IV.    TERMS OF SETTLEMENT**

13       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and
14  among Class Representatives, individually and on behalf of the Settlement Class, and
15  loanDepot that, subject to Court approval, the Action and Released Claims shall be
16  finally and fully compromised, settled, released, and dismissed on the merits with
17  prejudice, subject to final Court approval, as required by Federal Rule of Civil
18  Procedure 23, subject and pursuant to the following terms and conditions:

19       **A.    Definitions**

20       As used herein, in addition to any definitions set forth elsewhere in this
21  Agreement, the following terms shall have the meanings set forth below:

22       1.    "***Action***" means the consolidated class action captioned *In re*
23  *loanDepot Data Breach Litigation,* No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.),
24  pending before the Honorable David O. Carter in the United States District Court for
25  the Central District of California, Southern Division.

26       2.    "***Administrative Expenses***" means all expenses incurred in the
27  administration of this Settlement, including, without limitation, all Notice Expenses
28  and costs incurred locating Settlement Class Members, determining the eligibility of

7

any person to be a Settlement Class Member, administrating and processing Settlement Class Member claims and Claim Forms, and administering, calculating, and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement. Administrative Expenses shall be paid from the Settlement Fund to the Settlement Administrator as set forth in this Agreement.

3.    "***Agreement***," "***Settlement Agreement***," or "***Settlement***" mean this Class Action Settlement Agreement and Release (including all exhibits hereto).

4.    "***Approved Claim***" means a claim as evidenced by a Claim Form submitted by a Settlement Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Settlement Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

5.    "***Business Day(s)***" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

6.    "***California Class Period***" means the period from January 3, 2021 through the date of the Preliminary Approval Order.

7.    "***California Subclass***" means and includes the approximately 2,449,083 Settlement Class Members who were residents of the State of California, as identified on the Settlement Class List, and those Settlement Class Members who aver through a valid Claim Form and provide Reasonable Documentation that they were a California resident at the time of the Data Breach.

8.    "***California Subclass Settlement Fund***" means the sum of Three Million and Six Hundred and Fifty Thousand Dollars and No Cents ($3,650,000.00), which shall be set aside from the Net Settlement Fund to provide a California Subclass Payment to members of the California Subclass as set forth herein.

9. "*Claimant*" means a Settlement Class Member who submits a Claim Form for a Settlement Payment.

10. "*Claim Form*" means the form attached hereto as **Exhibit A** (including an electronic version thereof), or a substantially similar form as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Settlement Class Members who wish to file a claim for their share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Settlement Class Member who so requests.

11. "*Claims Deadline*" means the date by which all Claim Forms must be submitted electronically or postmarked to be considered timely and shall be set as the date 90 Days after the Notice Date, or such other date as the Court may order. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's Preliminary Approval Order.

12. "*Claims Period*" means the period during which Settlement Class Members may submit Claim Forms to receive their given share of the Settlement Benefits and shall commence on the Notice Date and shall end on the date 90 Days thereafter, or such other date as the Court may order.

13. "*Class Counsel*" and "*Plaintiffs' Counsel*" means attorneys Abbas Kazerounian of Kazerouni Law Group, APC, Daniel S. Robinson of Robinson Calcagnie, Inc., Tina Wolfson of Ahdoot & Wolfson, PC, Stephen G. Larson of Larson LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, who were appointed as Interim Co-Lead Counsel.

14. "*Class Representatives*" and "*Plaintiffs*" mean Alphonso Woods, David Ware, Deborah McPhail, Josh Krieghauser, Daroya Isaiah, Joshua Beller, Maurice Beckwith, Robert Lash, Ryan Azinger, Lorenz Praefcke, Varun Singh, Debra Coe, Loretta Montgomery, Vidal Hernandez, Tracy Brown, Branislav Sasic, Jessica

Schuler, Kyle Nunnelly, Nailah Ricco-Brown, and Matthew McFall.

15.  "**Complaint**" means the Consolidated Class Action Complaint that Plaintiffs filed in the Action on June 3, 2024 (Dkt. No. 69).

16.  "**Court**" means the United States District Court for the Central District of California, Southern Division, the Honorable David O. Carter (or any judge sitting in his stead or to whom the Action may be transferred) presiding.

17.  "**Data Breach**" refers to the alleged data breach announced by loanDepot on or about January 8, 2024.

18.  "**Day(s)**" shall mean, for a period expressed in "day(s)," the number of calendar days identified in the period, excluding the day of the event that triggers the period, but including the last day of the period except when the last day is a Saturday, Sunday, or legal holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

19.  "**loanDepot's Counsel**" means loanDepot's counsel of record in this action, Cooley LLP. Where notices are to be sent to loanDepot's Counsel, they should be addressed to Mazda Antia and Matthew Brown.

20.  "**Effective Date**" means the first Business Day after which all of the following events have occurred: (i) following notice to the Settlement Class, the Court has entered the Final Approval Order and Judgment without material change to either the Parties' Settlement or agreed-upon proposed Final Approval Order and Judgment, as described in this Settlement and attached hereto as **Exhibit B** and **Exhibit C**, respectively; and (ii)(a) all deadlines for seeking rehearing or appeal of the Final Approval Order and Judgment have passed without a motion for rehearing, notice of appeal, or any other motion for further review being filed, or (ii)(b) in the event of an appeal, the date of the appellate court's mandate, provided that the mandate finally affirms and leaves in place the Final Approval Order and Judgment without any material modification; or (ii)(c) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order and

10

Judgment.

21.    "*Fee Award and Costs*" means the amount of attorneys' fees and reimbursement of Litigation Costs awarded by the Court to Class Counsel, to be paid solely from the Settlement Fund.

22.    "*Final Approval Order and Judgment*" means, collectively, an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement and dismisses the Action with prejudice and without material change to the Parties' agreed-upon proposed Final Approval Order and Judgment attached hereto as **Exhibit B** and **Exhibit C**, respectively.

23.    "*Final Approval Hearing*" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment. The Parties shall request that the Court schedule the Final Approval Hearing for a date that complies with the Class Action Fairness Act ("CAFA") notice provisions in 28 U.S.C. §1715(d).

24.    "*Financial Monitoring and Identity Theft Insurance Services*" means the two years of financial monitoring and identity theft insurance services that CyEx by Pango Group will provide to Participating Settlement Class Members, as further set forth in Section IV.D.76.A of this Agreement.

25.    "*Litigation Costs*" means costs and expenses incurred by Class Counsel in connection with commencing, prosecuting, and settling the Action.

26.    "*Long Form Notice*" means the long form notice of settlement, substantially in the form attached hereto as **Exhibit D**.

27.    "*Net Settlement Fund*" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) reasonable Notice Expenses and Administration Expenses incurred pursuant to this Settlement Agreement, (ii) Taxes, (iii) any Service Awards approved by the Court, and (iv) any Fee Award and Costs approved by the

Court.

28.    "***Non-Profit Residual Recipient***" means Electronic Frontier Foundation, a 26 U.S.C. § 501(c)(3) non-profit organization.

29.    "***Notice Date***" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class, which shall be within 30 Days of the Settlement Administrator receiving the Settlement Class List from loanDepot, or such other date as the Court may order.

30.    "***Notice Expenses***" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, emailing, hosting on the Internet, and publishing the Settlement Class Notice, identifying members of the Settlement Class, and informing them of the Settlement, and (ii) any other reasonable and necessary Notice Expenses.

31.    "***Notice Plan***" means the plan described in this Agreement for disseminating Notice to the Settlement Class Members of the terms of this Agreement and the Final Approval Hearing.

32.    "***Objection Deadline***" means the date by which Settlement Class Members must file and postmark all required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application or motion for (i) the Fee Award and Costs, or (ii) the Service Awards, which shall be 60 Days following the Notice Date, or such other date as the Court may order.

33.    "***Opt-Out Period***" means the period in which a Settlement Class Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire 60 Days following the Notice Date, or such other date as the Court may order. The deadline for filing a Request for Exclusion will be clearly set forth in the Settlement Class Notice.

34.    "***Out-of-Pocket Costs***" means out-of-pocket costs or expenditures supported by Reasonable Documentation that a Settlement Class Member actually

incurred, including unreimbursed losses and consequential expenses (including late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit or financial monitoring or identity theft protection, costs to place a freeze or alert on credit reports, and costs to replace a driver's license, state identification card, or SSN) that are related to any identity theft and fraud fairly traceable to the alleged Data Breach and incurred on or after January 3, 2024.

35. **"*Participating Settlement Class Member*"** means a Settlement Class Member identified in the Settlement Class List who submits a valid and timely Claim Form approved by the Settlement Administrator for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement.

36. "***Person***" means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns.

37. "***Personally Identifiable Information***" and "***PII***" mean addresses, email addresses, financial account numbers, SSNs, phone numbers, and dates of birth, in a form that identifies, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular Settlement Class Member or their household(s).

38. "***Preliminary Approval Order***" means the Court's Order preliminarily approving the Settlement without material modifications to the proposed order or this Agreement that are unacceptable to any of the Parties. A Proposed Preliminary Approval Order is attached to this Agreement as **Exhibit E**.

39. "***Reasonable Documentation***" means documentation establishing proof of Out-of-Pocket Costs incurred by a Settlement Class Member, and/or documentation demonstrating a Settlement Class Member was a California resident during the California Class Period; and includes, but is not limited to, credit card statements, bank statements, invoices, utility bills, telephone records, and receipts.

Out-of-Pocket Costs and California residency (where required) cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; a Settlement Class Member must provide supporting documentation.

40.    "*Released Claims*" means any and all liabilities, rights, claims, actions, causes of action, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, attorneys' fees, costs, interest or expenses), damages, penalties, costs, attorneys' fees, losses, or other remedies, whether known or unknown, existing or potential, suspected or unsuspected, that are, were, or could have been asserted against any of the Released Parties in the Action or in any other action or proceeding of any type or nature before any court, arbitrator(s), tribunal, or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, including any and all claims, actions, causes of action, demands, damages, penalties, losses, or remedies that arise out of , relate to, or are based upon one or more of the allegations, facts, and/or circumstances described in the Action and/or Complaint. Released Claims for any Settlement Class Member shall consist of a release of claims to the extent permitted pursuant to Federal Rules of Civil Procedure 23(b)(3).

41.    "*Released Parties*" means Defendants loanDepot, Inc. and loanDepot.com, LLC and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and all their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing.

42.    "*Releasing Parties*" means Plaintiffs, all Settlement Class

Member, including those submitting or not submitting a claim for Settlement Benefits, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees or affiliates. Each of the Releasing Parties may be referred to individually as a "Releasing Party."

43.    "*Request for Exclusion*" is the written communication by an individual, or his, her, or their legal representative, in which he, she, or they request to be excluded from the Settlement Class.

44.    "*Service Awards*" means the amount of remuneration to be paid to each of the Class Representatives in recognition of their efforts on behalf of the Settlement Class, in an amount to be ordered by the Court, as set forth in Section IV.K of this Agreement.

45.    "*Settlement Administrator*" means the qualified third-party administrator agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Notice to the Settlement Class. Plaintiffs recommend, and loanDepot does not oppose, that the Court appoint Angeion Group as the Settlement Administrator to design, consult on, and implement the Notice and related requirements of this Agreement, the Settlement Website, the submission and review of Claim Forms, and related requirements of this Agreement, subject to the Court's approval.

46.    "*Settlement Benefits*" means the total value of benefits Settlement Class Members receive pursuant to this Agreement, including non-monetary benefits and other relief and Administrative Expenses.

47.    "*Settlement Class*" means the approximately 16,924,007 individuals in the United States who received notice from loanDepot that their data may have been impacted or otherwise compromised by the Data Breach and are identified on the Settlement Class List. Excluded from the Settlement Class are: (1) the judges presiding over the Action, and members of their families; (2) loanDepot, its

subsidiaries, parent companies, successors, predecessors, and any entity in which loanDepot or its parents have a controlling interest and their current or former officers, and directors, and (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period.

48.    "*Settlement Class List*" means the list generated by loanDepot containing the last known name, mailing address, and e-mail address, for the approximately 16,924,007 persons who fall under the Settlement Class, including the approximately 2,449,083 members of the California Subclass.

49.    "*Settlement Class Member*" or "*Class Member*" means an individual who falls within the definition of the Settlement Class and who does not submit a valid and timely Request for Exclusion prior to the expiration of the Opt-Out Period.

50.    "*Settlement Class Notice*" or "*Notice*" means the form of Court-approved notice of this Agreement that is disseminated to the Settlement Class. The Settlement Class Notice shall consist of the Summary Notice and the Long Form Notice.

51.    "*Settlement Fund*" means $25 million non-reversionary cash fund to be paid by loanDepot as specified in Section IV.D.65 of this Agreement, plus any interest accrued thereon after loanDepot's payment. The Settlement Fund reflects the total monetary obligation to be owed by loanDepot pursuant to this agreement.

52.    "*Settlement Payment*" means any payment from the Settlement Fund to be made to any Participating Settlement Class Member on Approved Claims pursuant to Section IV.D of this Agreement.

53.    "*Settlement Website*" means the Internet website, with the following URL address, to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents, including the Settlement Agreement and Release, Settlement Class Notice, information about the

submission of Claim Forms, downloadable Claim Forms, and other relevant documents: www.loandepotbreachsettlement.com.

54. "**_Summary Notice_**" means the summary notice of the proposed Settlement herein, substantially in the form attached hereto as **Exhibit F**.

55. "**_Taxes_**" means (i) any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon loanDepot or their counsel with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

**B.    Required Events and Cooperation by Parties**

56. <u>Preliminary Approval</u>. Within a reasonable time after this Agreement is fully executed, Class Counsel shall submit this Agreement to the Court and shall move the Court to grant preliminary approval of the Settlement and enter the Preliminary Approval Order in the form attached as **Exhibit E**, or as otherwise modified by the Court.

57. <u>Cooperation</u>. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement.

58. <u>Certification of the Settlement Class</u>. For purposes of this Settlement only, Plaintiffs and loanDepot stipulate to the certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3), which is contingent upon the

Court entering the Preliminary and Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive preliminary or final approval from the Court, or (2) the Effective Date not occur, this Agreement and the certification of any Settlement Class shall be void. loanDepot reserves the right to contest class certification for all other purposes. Plaintiffs and loanDepot further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

59.   Final Approval. Within 30 Days after the Claims Deadline, Class Representatives and Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing. The motion shall request a Final Approval Hearing on the first Monday that is more than 28 Days after the filing of the motion, or a subsequent date if agreed by both Class Counsel and loanDepot's counsel, subject to Court availability.

**C.    Releases**

60.   Release. Upon the Effective Date, and in consideration of the Settlement Benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged loanDepot, Inc. and loanDepot.com, LLC and each of the Released Parties from all Released Claims. The Parties understand that, with the exception of fraudulent misrepresentations on the part of one of the Parties, if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, or if the Parties learn additional facts not previously known, each Party expressly assumes the risk of such possible difference in or additional facts, and agrees that this Agreement, including the Released Claims, shall remain effective notwithstanding such facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

61.   Exclusive Remedy. This Agreement shall be the sole and exclusive

18

remedy of the Releasing Parties against any of the Released Parties relating to all Released Claims. Upon the entry of the Judgment, every Releasing Party shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

62.    Covenant Not to Sue. The Releasing Parties, including all persons or entitled to act by, through, under, or in concert with any of them, agree not to sue or otherwise make a claim against the Released Parties with respect to any Released Claims.

63.    Jurisdiction of the Court. The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the above-captioned Action, the Parties, Settlement Class Members, and the Settlement Administrator to interpret and enforce the terms, conditions, and obligations of this Agreement.

**D.    Settlement Consideration**

64.    Settlement Fund. In consideration for the dismissal and release of claims, loanDepot agrees, in addition to the implementation of the business practice changes described in Section IV.D.86 below, to make a payment of Twenty-Five Million Dollars and No Cents ($25,000,000.00) to establish the Settlement Fund for the benefit of the Settlement Class Members, pursuant to the terms of this Settlement.

65.    Deposits. loanDepot shall deposit payment into the Settlement Fund as follows: (i) loanDepot shall pay Five Million Dollars and No Cents ($5,000,000.00) into the Settlement Fund 10 Business Days after the Court enters the Preliminary Approval Order to cover reasonable costs and expenses associated with the Notice Plan and any other Administrative Expenses incurred prior to the Effective Date; (ii) loanDepot shall pay an additional Twenty Million Dollars and No Cents ($20,000,000.00) within 10 Business Days after the Effective Date.

66.    In no event shall loanDepot be required to pay, provide, or fund any other, additional, or greater amount than the Twenty-Five Million Dollars and No

19

Cents ($25,000,000.00) Settlement Fund reflected in Section D.64, above, in connection with this Settlement Agreement.

67. <u>Custody of Settlement Fund</u>. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled. In the event this Settlement Agreement is voided, terminated, or cancelled for any reason: (i) the Class Representatives and Class Counsel shall have no obligation to repay any of the Notice Expenses and Administration Expenses that have been paid or incurred in accordance with Section IV.F of this Agreement; (ii) any amounts remaining in the Settlement Fund after payment of Administrative Expenses paid or incurred in accordance with Section IV.F of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to loanDepot who made payment into the Settlement Fund; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

68. <u>Non-Reversionary</u>. This Settlement is not a reversionary settlement. As of the Effective Date, all rights of loanDepot in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as described in Section IV.D.67 and Section IV.J.104 of this Agreement. If the Settlement receives Preliminary and Final Approval, and the Effective Date occurs, no portion of the Settlement Fund shall be returned to loanDepot.

69. <u>Use of the Settlement Fund</u>. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator and is the sole source of funds to pay for: (i) all Notice Expenses and Administrative Expenses; (ii) any Taxes; (iii) any Service Awards; (iv) any Fee Award and Costs; (v) the cost of the Financial Monitoring and Identity Theft Insurance Services; (vi) any Approved Claims

for any Monetary Payments, Out-of-Pocket Costs Payments, and California Subclass Payments pursuant to the terms and conditions of Section IV.D.76 of this Agreement; and (vii) any other Settlement Benefits.

70.    <u>Financial Account</u>. The Settlement Fund shall be an account established and administered by the Settlement Administrator at a financial institution approved by Class Counsel and loanDepot's Counsel and shall be maintained as a qualified settlement fund within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-1.

71.    <u>Payment/Withdrawal Authorization</u>. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement and authorized by Class Counsel or (ii) ordered by the Court. Class Counsel may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and loanDepot's Counsel with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund at least 7 Business Days prior to making such withdrawal or payment and shall make such withdrawal only when authorized by Class Counsel.

72.    <u>Settlement Payments to Class Members</u>. The Settlement Administrator, subject to such supervision and direction of the Court or Class Counsel as may be necessary or as circumstances may require, shall administer and oversee distribution of the Settlement Fund to Settlement Class Members pursuant to this Agreement. The Settlement Administrator and Class Counsel are responsible for communicating with Settlement Class Members regarding the distribution of the Settlement Fund and amounts paid under the Settlement.

73.    <u>Treasury Regulations & Fund Investment.</u> The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-1, and that the Settlement

Administrator, within the meaning of Treasury Regulation 26 C.F.R. § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. All funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by Class Counsel and loanDepot's Counsel. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

74.    Taxes. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

75.    Limitation of Liability.

a.    Released Parties shall not have any responsibility for or

liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any tax returns. loanDepot also shall have no obligation to communicate with Class Members and others regarding amounts paid under the Settlement.

b.    The Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund, the filing of any tax returns, of the Fees Award and Costs.

c.    Class Counsel shall require that the Settlement Administrator shall have a contractual obligation to indemnify and hold Class Counsel, the Settlement Class, Class Representatives, and loanDepot harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund;

(iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

76.     Each Participating Settlement Class Member may qualify for the following Settlement Benefits:

a.      <u>Financial Monitoring and Identity Theft Insurance Services</u>. Each Participating Settlement Class Member will be eligible to enroll in two years of Financial Monitoring and Identity Theft Insurance Services. The Financial Monitoring and Identity Theft Insurance Services will be Financial Shield Pro through CyEx by Pango Group. The expenses associated with procuring Financial Monitoring and Identity Theft Insurance Services on behalf of the Participating Settlement Class Members will be paid by the Settlement Administrator using the Net Settlement Fund. The Financial Monitoring and Identity Theft Insurance Services will provide certain services to each Participating Settlement Class Member, including: Financial Transaction Monitoring; Monthly Credit Score; Score Tracker; Bank & Financial Account Monitoring; High Risk Transaction Monitoring; Real-Time Authentication Alerts; Fictitious Identity Monitoring; Home Title Monitoring; Dark Web Monitoring; Address Change Monitoring; Security Freeze Assist; Lost Wallet Protection; Insight & Tips News Feeds on the Customer Dashboard; Spend Tracking; $1,000,000 Comprehensive Identity Theft Insurance; Victim Assistance; and Customer Support. If a Participating Settlement Class Member has already activated and maintains a subscription for the Financial Monitoring and Identity Theft Insurance Services, their service will be extended by two years at no additional charge. Settlement Class Members seeking to enroll in the Financial Monitoring and Identity Theft Insurance Services offered under this Agreement must submit a valid and timely Claim Form to

1  the Settlement Administrator seeking to be enrolled in the service and provide a valid
2  email address for enrollment.

3            b.    <u>Out-of-Pocket Costs Payment.</u> In addition to Financial
4  Monitoring and Identity Theft Insurance Services, Settlement Class Members can
5  claim up to Five Thousand Dollars and No Cents ($5,000.00) for reimbursement from
6  the Settlement Fund of Out-of-Pocket Costs ("Out-of-Pocket Costs Payment"). To
7  receive an Out-of-Pocket Costs Payment, a Settlement Class Member must choose to
8  do so on their given Claim Form and submit to the Settlement Administrator the
9  following: (i) a valid Claim Form electing to receive the Out-of-Pocket Costs Payment
10 benefit; (ii) an attestation regarding any actual and unreimbursed Out-of-Pocket Costs;
11 and (iii) Reasonable Documentation that demonstrates the Out-of-Pocket Costs to be
12 reimbursed. Any Class member who previously paid for credit or financial monitoring
13 as a result of the Data Breach will be eligible to be reimbursed under this category. The
14 Settlement Administrator will review these claims for compliance with these
15 requirements. Under no circumstances shall the aggregate of approved Out-of-Pocket
16 Costs Payments exceed Two Million Dollars and No Cents ($2,000,000.00). If
17 approved Out-of-Pocket Costs Payments were to exceed Two Million Dollars and No
18 Cents ($2,000,000.00), then Out-of-Pocket Costs Payments will be reduced pro rata.

19           c.    <u>Monetary Payment</u>. In addition to Financial Monitoring and
20 Identity Theft Insurance Services and the Out-of-Pocket Costs Payment, each
21 Participating Settlement Class Member will receive a payment from the Settlement
22 Fund for the alleged damages they suffered as a result of the potential exposure of their
23 PII during the Data Breach ("Monetary Payment"). The payment amount will depend
24 on the participation rate for the Settlement and the amount will be each Participating
25 Settlement Class Member's pro rata share of the remaining Net Settlement Fund, after
26 all other Settlement Benefits have been paid for out of the Net Settlement Fund,
27 including payment for all claims for Financial Monitoring and Identity Theft Insurance
28 Services, Out-of-Pocket Costs Payments, and California Subclass Payments.

The following chart depicts an approximation of the Monetary Payment amounts before deducting costs for the Out-of-Pocket Costs Payments:

| Participation Rate | Approx. Monetary Payment |
|---|---|
| 1% | $70.71 |
| 2% | $34.37 |
| 3% | $22.26 |
| 4% | $16.20 |
| 5% | $12.57 |
| 6% | $10.14 |
| 8% | $7.11 |
| 10% | $5.30 |

If the Monetary Payment to each Participating Settlement Class Member receiving that benefit were to be less than Three Dollars and No Cents ($3.00), no Monetary Payments will be made and the Parties will instead meet and confer on how to disperse the remaining Net Settlement Fund and present the plan to the Court for approval.

To receive a Monetary Payment, a Settlement Class Member must submit a valid and timely Claim Form to the Settlement Administrator. Settlement Class Members will be notified in the Long Form Notice and Summary Notice that the act of submitting a Valid Claim Form to the Settlement Administrator (via U.S. Mail or through the Settlement Website) entitles them to be a Participating Settlement Class Member and constitutes a representation that they are electing to receive a Monetary Payment under the Settlement.

d.    California Subclass Payment. In addition to Financial Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payment, and a Monetary Payment, each Participating Settlement Class Member who is part of the California Subclass will receive a payment for the claim brought under the CCPA

26

("California Subclass Payment"). The California Subclass Payment amount will be each Participating Settlement Class Member of the California Subclass' pro rata share of the California Subclass Settlement Fund. Under no circumstances shall the California Subclass Payment exceed $150 per member of the California Subclass. The following chart depicts an approximation of the California Subclass Payment amounts, depending on the participation rate for the California Subclass:

| Participation Rate | Approx. California Subclass Payment |
|---|---|
| 1% | $149.04 |
| 2% | $74.52 |
| 3% | $49.68 |
| 4% | $37.26 |
| 5% | $29.81 |
| 6% | $24.84 |
| 8% | $18.63 |
| 10% | $14.90 |

If the California Subclass Payment to each Participating Settlement Class Member receiving that benefit were to be less than Three Dollars and No Cents ($3.00), no California Subclass Payment will be made and the Parties will instead meet and confer on how to disperse the remaining Net Settlement Fund and present the plan to the Court for approval.

Participating Settlement Class Members will automatically receive a California Subclass Payment, if the Settlement Administrator confirms they were a California resident during the California Class Period as reflected on the Settlement Class List, or if they aver, under penalty of perjury, through a valid Claim Form and provide Reasonable Documentation demonstrating that they were a California resident during the California Class Period. The act of submitting a valid Claim Form to the Settlement Administrator (via U.S. Mail or through the Settlement Website) constitutes a

27

representation that a Settlement Class Member who is part of the California Subclass is electing to receive a California Subclass Payment under the Settlement.

77.    <u>Electronic Payment</u>. Participating Settlement Class Members will receive their Settlement Payment due to them pursuant to the terms of this Agreement by electronic payment of their choice (e.g., Zelle, Venmo, PayPal, Prepaid Card) as indicated on the claim form. Participating Settlement Class Members may also elect to receive their Settlement Payment by a physical check sent by U.S. Mail.

78.    <u>Deadline to File Claims</u>. Claim Forms for Financial Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payment, Monetary Payment, and/or California Subclass Payment, including Reasonable Documentation, where applicable, must be submitted electronically, or postmarked, within 90 Days after the Notice Date.

79.    <u>The Settlement Administrator</u>. The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete, and to what extent a Claim Form electing to receive an Out-of-Pocket Costs Payment reflects valid Out-of-Pocket Costs. Any Out-of-Pocket Costs shall be deemed fairly traceable to the alleged Data Breach, as determined by the Settlement Administrator, if the Out-of-Pocket Costs occurred on or after January 3, 2024, and the Settlement Administrator determines the Out-of-Pocket Costs incurred are reasonably related to the types of PII subject to the alleged Data Breach. The Settlement Administrator shall also have the authority to determine whether the Reasonable Documentation submitted by a Settlement Class Member in support of their claim that they were a California resident during the Settlement Class Period is valid, timely, and complete, and to what extent the Reasonable Documentation reflects a California Subclass Payment should be provided to that Settlement Class Member. To the extent that the Settlement Administrator determines a timely claim for an Out-of-Pocket Costs Payment submitted through a Claim Form is deficient, or determines that the Reasonable Documentation in support of a California Subclass Payment claim is deficient, within

10 Business Days of making such a determination, the Settlement Administrator shall notify the Claimant of the deficiencies and that Claimant shall have until 20 Business Days after the date of such notice to cure the deficiencies and re-submit the claim. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the Settlement Administrator shall have no obligation to make the Out-of-Pocket Costs Payment, and/or California Subclass Payment to that Claimant.

80.   Timing of Settlement Benefits. Within 30 Days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the provisions of Section IV.F of this Agreement, or (iii) the enrollment deadline for the Financial Monitoring and Identity Theft Insurance Services, whichever date is latest, the Settlement Administrator shall cause funds to be distributed to Participating Settlement Class Members. Within 15 Days of the Effective Date, the Settlement Administrator shall provide Participating Settlement Class Members with enrollment instructions for the Financial Monitoring and Identity Theft Insurance Services and Participating Class Members shall have 90 Days to enroll for such services.

81.   Order of Distribution of Net Settlement Fund. The Settlement Administrator must first use the available Net Settlement Fund to pay for the Financial Monitoring and Identity Theft Insurance Services to all Participating Class Members who enroll within the deadline, then the California Subclass Payments. The Settlement Administrator shall then utilize the remaining funds to make all Out-of-Pocket Costs Payments. The Settlement Administrator shall then utilize the remaining funds to make all Monetary Payments. Settlement Class Members with Approved Claims who receive a Monetary Payment, California Subclass Payment, or Out-of-Pocket Costs Payment, by physical check, shall have 90 Days following distribution to deposit or cash their cash benefit check.

82.   Pro Rata Contingencies.

a.   If the aggregate amount of all Out-of-Pocket Costs Payments

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

exceeds Two Million Dollars and No Cents ($2,000,000.00), then the Out-of-Pocket Costs Payment to be paid to each Participating Settlement Class Member shall be reduced on a pro rata basis, such that the aggregate value of all Out-of-Pocket Payments does not exceed Two Million Dollars and No Cents ($2,000,000.00).

b.      All pro rata determinations required by this Section shall be performed by the Settlement Administrator.

83.    <u>Residual Funds of California Subclass Payment Settlement Fund</u>. To the extent any monies remain in the California Subclass Settlement Fund after the calculation pro rata distribution to Participating Settlement Class Members of the California Subclass, the remaining California Subclass Settlement Fund will be returned to the Net Settlement Fund to be used in accordance with Section IV.D.84 of this Agreement.

84.    <u>Residual Funds</u>. The Settlement will be designed to exhaust the Settlement Fund and no amount of the Settlement Fund will revert to loanDepot. To the extent any monies remain in the Net Settlement Fund or California Subclass Settlement Fund more than 180 Days after the distribution of Settlement Payments to the Participating Settlement Class Members (e.g., in the case of uncashed checks for Monetary or California Subclass Payments), any funds remaining in the California Subclass Settlement Fund will be returned to the Net Settlement Fund and a subsequent Settlement Payment will be evenly made to all Participating Settlement Class Members with Approved Claims who cashed or deposited the initial payment they received, provided that the payment amount is equal to or greater than Three Dollars and No Cents ($3.00). The pro rata distribution of these residual funds remaining in the Net Settlement Fund shall continue until the average payment amount in a distribution is less than Three Dollars and No Cents ($3.00). If the average payment amount in a subsequent Settlement Payment distribution would be less than Three Dollars and No Cents ($3.00), the remaining Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient.

85.    <u>Returned Checks</u>. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to find a valid address and resend the Settlement Payment within 30 Days after the check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall only make one attempt to resend a Settlement Payment.

86.    <u>Additional Settlement Benefits to the Settlement Class</u>. The Parties agree, and hereby stipulate, that Class Representatives, Class Counsel, and this litigation were a motivating factor for certain remedial efforts and business practices changes taken by loanDepot following the Data Breach, including but not limited to enhancements in data management, identity protection, cloud security and threat detection capabilities, which are estimated to have cost loanDepot $9,341,000.00 ("Business Practices Changes").

87.    <u>Total Settlement Value</u>. Given the amount of the Settlement Fund, the provision of at least two years of Financial Monitoring and Identity Theft Insurance Services[4] to Participating Settlement Class Members, and the $9,341,000.00 in improvements to loanDepot's data security practices listed in Section IV.D.86 of this Agreement, Plaintiffs and Proposed Class Counsel's current estimation, which is not opposed by loanDepot, of the total value of the Settlement Benefits offered to the Settlement Class is likely to exceed $86 million. The actual value of the Settlement Benefits provided to the Settlement Class is $34,341,000 plus an additional $52,599,813.76 for every one percent (1%) of Class Members receiving Financial Monitoring and Identity Theft Insurance Services, but before excluding the cost of Financial Monitoring and Identity Theft Insurance Services. For example, if one

---

[4] The Financial Monitoring and Identity Theft Insurance Services has an estimated value of approximately $12.95 per month for each Participating Settlement Class Member receiving that benefit.

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

percent (1%) of the Settlement Class enrolls in Financial Monitoring and Identity Theft Insurance Services, the total value of the settlement benefits will be $86,607,410.82. Therefore, the value of the settlement benefits offered is likely to exceed $86 million. The Settlement Value includes the $25 million cash Settlement Fund, the $9,341,000.00 in enhanced data security measures and Business Practices Changes by loanDepot listed in Section IV.D.86 of this Agreement, and the Financial Monitoring and Identity Theft Insurance Services detailed in Section IV.D.76 of this Agreement.

**F.     Settlement Administration**

88.     <u>Submission of Claims</u>.

a.     <u>Submission of Electronic or Hard Copy Claim Forms</u>. Settlement Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website, or may download Claim Forms to be filled out, signed, and submitted physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and shall provide Claimants the ability to cure timely, but defective claims as provided in Section IV.D.79 of this Agreement.

b.     <u>Review of Claim Forms</u>. The Settlement Administrator will review Claim Forms submitted by Settlement Class Members to determine whether they are eligible for a Settlement Payment.

89.     <u>Settlement Administrator's Duties</u>.

a.     <u>Cost Effective Claims Processing</u>. The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

b.     <u>Dissemination of Notices</u>. The Settlement Administrator

1  shall disseminate the Settlement Class Notice as provided for in this Agreement.

2            c.    <u>Maintenance of Records</u>. The Settlement Administrator shall

3  maintain reasonably detailed records of its activities under this Agreement. The

4  Settlement Administrator shall maintain all such records as required by applicable law

5  in accordance with its business practices and such records will be made available to

6  Class Counsel and loanDepot's Counsel upon request. The Settlement Administrator

7  shall also provide reports and other information to the Court as the Court may require.

8  Upon request, the Settlement Administrator shall provide Class Counsel and

9  loanDepot's Counsel with information concerning Notice, administration, and

10 implementation of the Settlement. Without limiting the foregoing, the Settlement

11 Administrator shall:

12            i.    Receive Requests for Exclusion from Settlement Class

13 Members and (i) provide weekly or other periodic reports to loanDepot's Counsel that

14 include, without limitation, reports regarding the number of Requests for Exclusion

15 received; and (ii) provide Class Counsel and loanDepot's Counsel a copy thereof no

16 later than 5 Days following the Opt-Out Period, or receipt if received after expiration

17 of the Opt-Out Period.

18            ii.    Provide weekly or other periodic reports to Class

19 Counsel and loanDepot's Counsel that include, without limitation, reports regarding

20 the number of Claim Forms received, the number of Claim Forms approved by the

21 Settlement Administrator, and the categorization and description of Claim Forms

22 rejected by the Settlement Administrator. The Settlement Administrator shall also, as

23 requested by Class Counsel or loanDepot's Counsel and from time to time, provide the

24 amounts remaining in the Net Settlement Fund.

25            iii.    Make available for inspection by Class Counsel and

26 loanDepot's Counsel the Claim Forms and any supporting documentation received by

27 the Settlement Administrator at any time upon reasonable notice.

28            iv.    Cooperate with any audit by Class Counsel or

loanDepot's Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

                d.    <u>Creation and Maintenance of Settlement Website</u>. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including providing a mechanism to submit Claims Forms and Reasonable Documentation electronically through the Settlement Website) and relevant documents, including the Long Form Notice, Summary Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint in the Action. The Settlement Website shall also include all Settlement-related court hearing dates, including updates when necessary. The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall also allow for submission of Requests of Exclusion electronically through the Settlement Website.

            90.    <u>Requests for Additional Information</u>. In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**G.    Settlement Class Notice**

            91.    <u>Settlement Class List</u>. Within 10 Business Days after the date of the Preliminary Approval Order, loanDepot shall provide the Settlement Class List to the Settlement Administrator. Because the Settlement Class List will be provided to the Settlement Administrator solely for purposes of providing the Class Notice and Settlement Benefits and processing opt-out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with loanDepot, loanDepot's Counsel, and Class Counsel and will ensure that any information provided to it by Settlement Class Members, Class Counsel, loanDepot's Counsel, or loanDepot,

34

including the Class Member Information, will be secure and used solely for the purpose of effecting this Settlement. In particular, the Settlement Administrator will keep the Settlement Class List strictly confidential and will otherwise not disclose the Settlement Class List or the information contained therein to Class Counsel, Class Representatives, or Settlement Class Members. The Settlement Administrator will implement the latest cybersecurity measures necessary to keep Class Member information secure.

92.    <u>Direct Notice</u>. Within 30 Days after receipt of Settlement Class List, the Settlement Administrator shall disseminate the Summary Notice to the members of the Settlement Class as follows:

a.    <u>Physical Address Only</u>. For those Settlement Class Members for whom loanDepot has only a physical address, the Summary Notice, substantially in the form attached hereto as **Exhibit F** shall be sent by U.S. mail.

b.    <u>Physical Address and Email</u>. For those Settlement Class Members for whom loanDepot has both a physical address and email address, the Summary Notice shall be sent by email, which shall include a link to the Settlement Website where Settlement Class Members may either download a Claim Form to submit by mail or submit the Claim Form online.

c.    <u>Email Only</u>. For those Settlement Class Members for whom loanDepot has only an email address and no mailing address, the Summary Notice shall be sent by email, which shall include a link to the Settlement Website where Settlement Class Members may either download a Claim Form to submit by mail or submit the Claim Form online.

d.    loanDepot represents that the estimated percentage of class members for which loanDepot has email addresses is 92.4% of the Settlement Class.

93.    <u>Mail and Re-Mail for Undelivered or Undeliverable Notices</u>. The Settlement Administrator is to promptly mail the Summary Notice to all Settlement Class Members where email is confirmed undelivered. Within 21 Days after the

35

Settlement Administrator's receipt of any Summary Notice returned by the U.S.P.S. as undelivered or undeliverable, the Settlement Administrator shall re-mail the Summary Notice using any forwarding address provided by the U.S.P.S. If the U.S.P.S. does not provide a forwarding address, the Settlement Administrator shall conduct an address search and re-mail the Summary Notice to the most current address obtained. The Administrator has no obligation to make further attempts to locate or send Summary Notice to Class Members whose Summary Notice is returned by the U.S.P.S. a second time.

94.     Email Reminders. For any Settlement Class Member for whom the Settlement Administrator has an email address, and who has not submitted a valid Claim Form, the Settlement Administrator shall transmit periodic email reminders of the opportunity to file a Claim Form prior to the Claim Deadline. There shall be at least one reminder email within 21 Days of the initial email providing Summary Notice and a second reminder email 30 Days prior to the Claims Deadline.

95.     Settlement Class Members may mail the Claim Form attached to the Summary Notice or use the unique class member identifier contained in the Notice, to log on the Settlement Website and either download a Claim Form to submit by mail or submit the Claim Form online. The Settlement Administrator shall use other reasonable fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Settlement Class Members, and (ii) submission of more than one Claim Form per person. In the event a Claim Form is submitted without a unique class member identifier the Settlement Administrator shall employ reasonable effort to ensure that the Claim is valid.

96.     Settlement Website. Prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet in accordance with this Agreement, including the form and content of the Settlement Class Notice.

97.     Contents of the Long Form Notice. The Long Form Notice shall,

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

*inter alia*, (i) specify the deadline for Settlement Class Members to submit Requests for Exclusion from, object to, or otherwise comment upon the Settlement by day, month, and year, and state that any objection to this Agreement, and any papers submitted in support of said objection, will only be considered by the Court at the Final Approval Hearing if, on or before the expiration of the Opt-Out Period or Objection Deadline, the Person making the objection files copies of such papers they propose to submit for consideration at the Final Approval Hearing with the Clerk of the Court and delivers copies of the same by mail, hand, or overnight delivery service to both Class Counsel and Defendants' Counsel; (ii) contain instructions on how to submit a Claim Form; (iii) note the deadline for Settlement Class Members to submit a Claim Form; and (iv) note the date, time, and location of the Final Approval Hearing. A copy of the Long Form Notice is attached hereto as **Exhibit D**.

###### H.    Request for Exclusion Procedures

98.    At any time during the Opt-Out Period, any individual on the Settlement Class List may submit a Request for Exclusion from the Settlement. To be valid, the Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. If a Request for Exclusion to the Settlement Administrator is submitted by U.S. Mail such Request for Exclusion must be in writing and must identify the case name *In re loanDepot Data Breach Litigation,* Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.); state the name, address, and telephone number of the Settlement Class Members seeking exclusion; be physically signed by the Person seeking exclusion; and contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re loanDepot Data Breach Litigation,* Case No. 8:24-cv-00136-DOC-JDE  (C.D. Cal.)." Any Person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be

entitled to object to any aspect of this Settlement Agreement. No Person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

**I.      Objection and Comment Procedures**

99.      Any Settlement Class Member may comment in support of or in opposition to the Settlement and may do so in writing, in person, or through counsel, at his or her own expense, at the Final Approval Hearing. Except as the Court may order otherwise, no objection to the Settlement shall be heard, and no papers, briefs, pleadings, or other documents submitted by any objector shall be received and considered by the Court unless such objector mails to the Court a written objection with the caption *In re loanDepot Data Breach Litigation*, Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.), that includes: (i) the Settlement Class Member's full name, current mailing address, and telephone number; (ii) a signed statement that they believe themselves to be a member of the Settlement Class and the basis of such belief; (iii) a statement of whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class, and all grounds for the objection, stated with specificity; (iv) all documents or writings that the Settlement Class Member desires the Court to consider, including all evidence the to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness and copy of all documents or other non-oral materials to be presented; (v) a statement regarding whether they (or counsel of their choosing) intend to appear at the Final Approval Hearing; and (vi) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years. All written objections must be postmarked no later than the Objection Deadline. Any objector who fails to object in the manner prescribed herein shall be deemed to have waived their objections and forever be barred from making any such objections in the Action or in any other action or proceeding of any type or nature. In addition, any Settlement Class Member who objects to the proposed

Settlement must make themselves available to be deposed regarding the grounds for its objection and must provide, along with its objection, the dates when the objector will be available to be deposed during the period from when the objection is filed through the date 7 days before the Final Approval Hearing.

### J.    Modification or Termination of the Agreement

100.   The Class Representatives collectively (on behalf of the Settlement Class Members) and loanDepot shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") within 7 Days of: (1) the Court's refusal to grant Preliminary or Final Approval of the Agreement in any material respect; or (2) within 14 Days of any of the following: (i) the Court's refusal to enter the Judgment in any material respect, or (ii) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

101.   loanDepot shall also have the have the sole discretion to terminate the Settlement Agreement if Settlement Class Members representing a certain percentage of the Settlement Class elect to opt-out of the Settlement Class. That number is separately agreed to by the Parties and will be filed with the Court under seal so as to preserve the confidentiality of the Supplemental Agreement. If loanDepot elects to terminate the Settlement Agreement, it must notify Class Counsel that it intends to pursue that right pursuant to this provision, if any such right exists, no later than 35 days after the Opt-Out Deadline. If the election is made, it may be revoked by loanDepot at any time.

102.   If the requirements to terminate the Settlement Agreement set forth in Section IV.J. are met and loanDepot provides Class Counsel with notice of its intent to terminate the Settlement Agreement, Class Counsel will have 60 days from the date of such notice to communicate with any persons and entities that submit requests for exclusion and, if requests for exclusion are withdrawn such that the Opt-Out Threshold is no longer met, Class Counsel will immediately inform loanDepot's Counsel, and the

1   election to terminate, if made, will automatically become null and void and of no
2   further effect.  Should there be a dispute between the Class Representatives and
3   loanDepot as to whether the Opt-Out Threshold has been met, they will present the
4   dispute to the Court prior to the Final Approval Hearing.

5       103.   The terms and provisions of this Agreement may be amended,
6   modified, or expanded by written agreement of the Parties and approval of the Court;
7   provided, however, that, after entry of the Preliminary Approval Order, the Parties
8   may, by written agreement, effect such amendments, modifications, or expansions of
9   this Agreement and its implementing documents (including all exhibits hereto) without
10  further notice to the Settlement Class or approval by the Court if such changes are
11  consistent with the Court's Preliminary Approval Order and do not materially alter,
12  reduce, or limit the rights of Settlement Class Members under this Agreement.

13      104.   If a Party exercises their or its option to withdraw from, rescind,
14  revoke, or terminate this Agreement pursuant to any provision herein, then the
15  Settlement proposed herein shall become null and void (with the exception of Section
16  IV.D.67 of the Agreement) and shall have no legal effect and may never be mentioned
17  at trial or in dispositive, class certification, or other motion papers (except as necessary
18  to explain the timing of the procedural history of the Action), and the Parties will return
19  to their respective positions existing immediately before the execution of this
20  Agreement.

21      105.   Notwithstanding any provision of this Agreement, in the event this
22  Agreement is not approved by any court, or terminated for any reason, or the Settlement
23  set forth in this Agreement is declared null and void, or in the event that the Effective
24  Date does not occur, Settlement Class Members, Plaintiffs, and Class Counsel shall not
25  in any way be responsible or liable for any of the Administrative Expenses, or any
26  expenses, including Notice Expenses and Administration Expenses associated with this
27  Settlement or this Agreement, except that each Party shall bear its own attorneys' fees
28  and costs.

### K.    Service Awards

105.    Class Representatives and Class Counsel may seek Service Awards to be awarded to the Class Representatives. Any requests for such awards must be filed at least 35 Days before the Objection Deadline. Class Representatives will request Service Awards in an amount not to exceed Two Thousand and Five Hundred Dollars and No Cents ($2,500.00) per Class Representative.

106.    The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, 15 Business Days after the Effective Date.

107.    If the Court declines to approve, in whole or in part, the payment of the Service Awards in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of Service Awards shall constitute grounds for cancellation or termination of this Agreement.

### L.    Fee Award and Costs

108.    Class Counsel may file a motion for an award of the Fee Award and Costs to be paid from the Settlement Fund. The motion must be filed at least 35 Days before the Objection Deadline and will be made available on the Settlement Website. Additionally, the maximum amount of attorneys' fees, costs and expenses sought by Class Counsel shall be disclosed in the Long Form Notice. The amount of the Fee Award and Costs shall be determined by the Court based on petition from Class Counsel. Prior to the disbursement or payment of the Fee Award and Costs under this Agreement, Class Counsel shall provide to loanDepot and the Settlement Administrator a properly completed and duly executed IRS Form W-9. The Fee Award and Costs shall be paid by the Settlement Administrator, in the amount approved by the Court, 15 Business Days after the Effective Date.

109.    Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' Counsel and any other attorneys for Plaintiffs. loanDepot shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

110.    The parties have no agreement as to any amount of Fees or Costs to be paid to Class Counsel and loanDepot reserves the right to oppose any motion for a Fee Award and Costs. The Settlement is not conditioned upon the Court's approval of the Fee Award and Costs or the Service Awards in any amount, or at all. Any order or proceeding relating to the amount of any Fee Award and Costs or Service Payments, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Settlement Agreement or affect or delay the finality of the Final Approval Order and Judgment.

**M.    Judgment**

111.    This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which will grant final approval of this Agreement and among other things shall:

a.    Dismiss the Action with prejudice and without costs, except as contemplated by this Agreement;

b.    Decree that neither the Judgment nor this Agreement constitutes an admission by loanDepot of any liability or wrongdoing whatsoever;

c.    Bar and enjoin all Class Representatives and Settlement Class Members, who do not submit a valid and timely Request for Exclusion from this Settlement Agreement, from asserting against any of the Released Parties any and all Released Claims;

d.    Release each Released Party from any and all Released Claims;

e.    Determine that this Agreement is entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of

the members of the Settlement Class; and

f.    Finally certify the Settlement Class for settlement purposes only;

g.    Preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including loanDepot and all Participating Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

**N.    Representations and Warranties**

112.    Each signatory to this Agreement represents and warrants (i) that he, she, they, or it has all requisite power and authority to execute, deliver, and perform this Agreement and to consummate the transactions contemplated herein, (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (iii) that this Agreement has been duly and validly executed and delivered by each signatory, and constitutes its legal, valid, and binding obligation.

113.    Defendant will provide to the Settlement Administrator the Settlement Class List, which shall include the list of persons to whom loanDepot provided individual written notice of the alleged Data Breach and represent and warrant such list is an accurate reflection of the notice population to the best of Defendant's knowledge.

**O.    No Admission of Liability or Wrongdoing**

114.    This Agreement, whether consummated, and any negotiations, proceedings or agreements relating to this Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

a.    Shall not be admissible in any action or proceeding of any type or nature for any reason, other than an action to enforce the terms hereof;

      b. Shall not be described as, construed as, offered, or received against the Released Parties as evidence of or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties; and

      c. Shall not be described as or construed against the Released Parties, Plaintiffs, or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to Plaintiffs or Settlement Class Members after trial.

  **P.** **Miscellaneous Provisions**

   115. <u>Entire Agreement</u>. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties regarding the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. Each of the Parties to this Agreement acknowledges that no other Party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation, or warranty, express or implied, not contained in this Agreement to induce either party to execute this Agreement. Neither Party is relying on the other Party or their agents or attorneys and rather each Party decided to resolve the dispute in their own independent determination and judgment. This Agreement may not be changed, modified, or amended except as provided in Section IV.J.103 of this Agreement. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

   116. <u>Governing Law</u>. This Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws

44

1  applicable to choice of law.

2          117.   <u>Execution by Counterparts</u>. This Agreement may be executed by

3  the Parties in one or more counterparts, each of which shall be deemed an original but

4  all of which together shall constitute one and the same instrument. Facsimile signatures

5  or signatures sent via email shall be treated as original signatures and shall be binding.

6          118.   <u>Notices</u>. Any notice, instruction, application for Court approval or

7  application for Court orders sought in connection with this Agreement or other

8  document to be given by any Party to any other Party shall be in writing and delivered

9  personally or sent by registered or certified mail, postage prepaid, if to loanDepot to

10  the attention of loanDepot's Counsel, or if to Plaintiffs or the Settlement Class to Class

11  Counsel, or to other recipients as the Court may specify. All notices to the Parties or

12  counsel required by this Agreement shall be made in writing and communicated by

13  mail and email to the following addresses:

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

| If to Plaintiffs or Class Counsel: | If to loanDepot or loanDepot's Counsel: |
|---|---|
| Abbas Kazerounian<br>Mona Amini<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br><br>Daniel S. Robinson<br>Michael W. Olson<br>ROBINSON CALCAGNIE, INC.<br>P.O. Box 2350<br>Newport Beach, CA 92658-8962<br><br>Tina Wolfson<br>Alyssa Brown<br>AHDOOT & WOLFSON, PC<br>2600 W. Olive Avenue, Suite 500<br>Burbank, CA 91505<br><br><br>Stephen G. Larson<br>LARSON LLP<br>555 S. Flower Street, 30th Floor<br>Los Angeles, CA 90071<br><br>Gary M. Klinger<br>MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606 | Matthew Brown<br>COOLEY LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, California 94111<br><br>Mazda Antia<br>COOLEY LLP<br>10265 Science Center Drive<br>San Diego, CA 92121 |

119.    <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors, and legal representatives of each of the Parties hereto.

120.    <u>Construction</u>. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

121.    <u>Severability</u>. The waiver or breach by one Party of any provision of this Agreement shall not be deemed a waiver or breach of any other provision of this Agreement.

122.    <u>Integration of Exhibits</u>. The exhibits to this Agreement and any

46

exhibits thereto are an integral and material part of the Settlement and are hereby incorporated and made a part of the Agreement.

123. <u>Headings</u>. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

124. <u>Taxability</u>. loanDepot does not make and has not made any representations regarding the taxability of any Settlement Benefit, Fee Award, or any other payments made pursuant to this Agreement. Plaintiffs, Class Representatives, and Class Counsel (on behalf of themselves and the Settlement Class Members) represent that that they have not relied upon any representation of any of the loanDepot or its attorneys or the Settlement Administrator on the subject of taxability of any consideration provided under this Agreement. Plaintiffs, Class Representatives, and Class Counsel (on behalf of themselves and the Settlement Class Members) understand and expressly agree that any income or other tax, including any interest, penalties or other payment obligations ultimately determined to be payable from or with respect to any Settlement Benefit, the Fee Award and Costs, or any other payments made pursuant to this Agreement, as well as any state or federal reporting obligations imposed on them arising therefrom or attributable thereto, shall not be loanDepot's responsibility.

125. <u>Deadlines</u>. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

126. <u>Dollar Amounts</u>. All dollar amounts are in United States dollars, unless otherwise expressly stated.

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as

47

of the day set forth below:

Date: 12/02/24

Abbas Kazerounian
KAZEROUNI LAW GROUP, APC
*Interim Co-Lead Counsel for Plaintiffs*

Date: 11/27/24

Daniel S. Robinson
ROBINSON CALCAGNIE, INC.
*Interim Co-Lead Counsel for Plaintiffs*

Date: 12/2/24

Tina Wolfson
AHDOOT & WOLFSON, PC
*Interim Co-Lead Counsel for Plaintiffs*

Date: 12/2/24

Stephen G. Larson
LARSON LLP
*Interim Co-Lead Counsel for Plaintiffs*

Date: 12/2/24

Gary M. Klinger
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
*Interim Co-Lead Counsel for Plaintiffs*

Date: December 2, 2024

Gregory Smallwood, Chief Legal
Officer
LOANDEPOT, INC.
*On behalf of Defendants*

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

# EXHIBIT A

<table>
<tr><td>**Your claim must be submitted online or postmarked by:** [**DEADLINE**]</td><td>**CLAIM FORM FOR LOANDEPOT DATA BREACH SETTLEMENT**<br><br>*In re loanDepot Data Breach Litigation*<br>**Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.)**</td><td>**LDT CLAIM**</td></tr>
</table>

**YOU MAY USE THIS FORM TO MAKE A CLAIM FOR FINANCIAL MONITORING AND IDENTITY THEFT INSURANCE SERVICES, A MONETARY AND CALIFORNIA SUBCLASS CASH PAYMENT, AND/OR REIMBURSEMENT OF OUT-OF-POCKET COSTS**

**The DEADLINE to submit this Claim Form is: [90 DAYS FROM NOTICE DATE]**

| I. | GENERAL INSTRUCTIONS |
|---|---|

If you are one of the approximately 16.9 million individuals associated with loanDepot, Inc. and loanDepot.com, LLC (collectively, "loanDepot") who were sent a notice letter about a data breach that occurred on or about January 3-5, 2024, whereby unauthorized parties potentially acquired your personally identifiable information, including name, address, email address, financial account numbers, Social Security number ("SSN"), phone number, and dates of birth (the "Data Breach"), you are on the Settlement Class List and entitled to participate in the Settlement. If you received a notice about this class action Settlement addressed to you, then the Settlement Administrator has already determined that you are a Settlement Class Member. If you are not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.loandepotbreachsettlement.com, or email the Settlement Administrator at info@loandepotbreachsettlement.com. Any capitalized terms not specifically defined in this Notice are intended to have the same meanings as in the Settlement Agreement, which is available at www.loandepotbreachsettlement.com.

As a Settlement Class Member, you are eligible to receive two years of free Financial Monitoring and Identity Theft Insurance Services; an approximate monetary cash payment between $34.37 and $5.30, if the participation rate is between 2% and 10% respectively, before deducting the Out-of-Pocket Costs Payments from the remaining Net Settlement Fund ("Monetary Payment"); and a cash payment of up to $5,000 for documented out-of-pocket losses or expenditures fairly traceable to the Data Breach ("Out-of-Pocket Costs"). If you are a member of the California Subclass, you qualify for an additional cash payment for the claim brought under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.150, et seq. ("CCPA"), expected to be between $74.52 and $14.90, if the participation rate for California residents is between 2% and 10%, respectively. You are considered a member of the California Subclass if the Settlement Class List identifies you as a California resident at the time of the Data Breach, or you provide Reasonable Documentation demonstrating that you were a California resident between January 3, 2021, and [insert date the Preliminary Approval Motion is filed].

The free Financial Monitoring and Identity Theft Insurance Services offered is provided by CyEx by Pango Group and valued at $12.95 per month. If you are already subscribed to this plan, two additional years will be added to your current plan for free.

CASH PAYMENTS WILL BE SENT ELECTRONICALLY VIA PREPAID CARD TO THE EMAIL ADDRESS WHERE THE NOTICE WAS SENT, UNLESS ANOTHER EMAIL ADDRESS IS PROVIDED OR ANOTHER PAYMENT METHOD IS REQUESTED BELOW. CASH PAYMENTS MAY BE REDUCED PRO RATA (PROPORTIONATELY) DEPENDING ON HOW MANY PEOPLE SUBMIT CLAIMS. Additional payments may also be provided to you if the Net Settlement Fund is not exhausted. Complete information about the Settlement and its benefits are available at www.loandepotbreachsettlement.com.

**Questions? Go to www.loandepotbreachsettlement.com or call 1-XXX-XXX-XXXXX**

**CLAIM FORM FOR LOANDEPOT DATA BREACH SETTLEMENT**

*In re loanDepot Data Breach Litigation*
**Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.)**

| | |
|---|---|
| **Your claim must be submitted online or postmarked by: [DEADLINE]** | **LDT CLAIM** |

This Claim Form may be submitted online at **www.loandepotbreachsettlement.com** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, to:

**[Admin Contact Info]**

## II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments and Financial Monitoring and Identity Theft Insurance Services, you must notify the Settlement Administrator in writing at the address above.

First Name            MI    Last Name

Alternative Name(s)

Mailing Address, Line 1

Mailing Address, Line 2

City                                State    Zip Code

Telephone Number (Primary)            Telephone Number (Secondary)

Email Address (**where Cash Payment(s) will be sent electronically**)

Notice ID Number Provided on Notice (if known)

## III.    FINANCIAL MONITORING AND IDENTITY THEFT INSURANCE SERVICES

If you wish to receive Financial Monitoring and Identity Theft Insurance Services, you must provide your email address in Section II, above, and return this Claim Form. Submitting this Claim Form will not automatically enroll you into Financial Monitoring and Identity Theft Insurance Services. **To enroll, you must follow the instructions sent to the email address** you provide above, after the Settlement is approved and becomes final.

<table>
<tr><td>**Your claim must be submitted online or postmarked by:** [**DEADLINE**]</td><td>**CLAIM FORM FOR LOANDEPOT DATA BREACH SETTLEMENT**<br><br>*In re loanDepot Data Breach Litigation*<br>**Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.)**</td><td>**LDT CLAIM**</td></tr>
</table>

## IV.    MONETARY CASH PAYMENT

If you wish to receive a Monetary Payment, fill out Section II, above, and return this Claim Form. A cash payment will be sent electronically to the email address you provide, provided the check amount is not less than $3.00 based on the number of claims submitted. The check amount will depend on the participation rate for the Settlement and the amount will be each Participating Settlement Class Member's pro rata share of the remaining Net Settlement Fund, after all other Settlement Benefits have been paid out of the Remaining Net Settlement Fund, including the cost for the Financial Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payments, and California Subclass Payments.

If you would prefer to receive your Settlement Payment via an electronic payment other than Prepaid Card, please provide the email address or phone number associated with your Paypal, Venmo or Zelle account below [OPTIONAL]:

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Select one [OPTIONAL]: ☐ PayPal, ☐ Venmo or ☐ Zelle

If you prefer to receive your Settlement Payment via a mailed check to the Mailing Address identified above, please select here [OPTIONAL]: ☐ Mailed Check

## V.    REIMBURSEMENT FOR OUT-OF-POCKET COSTS

In addition to Financial Monitoring and Identity Theft Insurance Services and a Monetary Payment, you may also seek reimbursement for up to $5,000.00 of Out-of-Pocket Costs you incurred that are fairly traceable to the Data Breach. Out-of-Pocket Costs include, for example: late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit monitoring or identity theft protection, costs to place a freeze or alert on credit reports, costs to replace a driver's license, state identification card, or social security number, or losses incurred as a result of documented identity theft or fraud, which are attributable to the Data Breach at issue in this Action. Under no circumstances shall the aggregate of approved Out-of-Pocket Costs Payments exceed Two Million Dollars and Zero Cents ($2,000,000.00). If the approved Out-of-Pocket Costs Payments exceed Two Million Dollars and No Cents ($2,000,000.00) in aggregate, Out-of-Pocket Costs Payments may be reduced pro rata.

To make a claim for Out-of-Pocket Costs you must (i) fill out the form below or provide the requested information on a separate sheet submitted with this Claim Form; (ii) sign the attestation at the end of this Claim Form (section VII); and (iii) include Reasonable Documentation supporting each claimed cost along with this Claim Form. Out-of-Pocket Costs will be deemed fairly traceable to the Data Breach, as determined by the Settlement Administrator, if the Out-of-Pocket Costs occurred on or after January 3, 2024, and the Out-of-Pocket Costs are fairly traceable to the information disclosed in the Data Breach.

**CLAIM FORM FOR LOANDEPOT DATA BREACH SETTLEMENT**

*In re loanDepot Data Breach Litigation*
**Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.)**

**Your claim must be submitted online or postmarked by:**
**[DEADLINE]**

**LDT CLAIM**

| Cost Type (Check all that apply) | Date of Loss (Approximate) | Amount of Loss | Description of Reasonable Documentation (What you are attaching and why) |
|---|---|---|---|
| ☐ Losses from identity theft or fraud | ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚ (mm/dd/yyyy) | $ ⬚⬚⬚ , ⬚⬚⬚ . ⬚⬚ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges.* |
| ☐ Fees or costs incurred in connection with identity theft or fraud | ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚ (mm/dd/yyyy) | $ ⬚⬚⬚ , ⬚⬚⬚ . ⬚⬚ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return.* |
| ☐ Lost interest or other damages resulting from delayed state or federal tax refund resulting from fraudulent tax return | ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚ (mm/dd/yyyy) | $ ⬚⬚⬚ , ⬚⬚⬚ . ⬚⬚ | *Examples: Letter from IRS or state taxing authority about tax fraud in your name; Documents reflecting length of time you waited to receive your tax refund and the amount thereof.* |
| ☐ Credit freeze | ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚ (mm/dd/yyyy) | $ ⬚⬚⬚ , ⬚⬚⬚ . ⬚⬚ | *Examples: Notices or account statements reflecting payment for a credit freeze.* |
| ☐ Credit monitoring that was purchased on or after January 3, 2024 through the date on which the Financial Monitoring and Identity Theft Insurance Services became available through the Settlement | ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚ (mm/dd/yyyy) | $ ⬚⬚⬚ , ⬚⬚⬚ . ⬚⬚ | *Examples: Receipts or account statements reflecting purchases made for identity theft protection and/or credit monitoring services.* |

<table>
<tr><td rowspan="2"><strong>Your claim must be submitted online or postmarked by:</strong> [DEADLINE]</td><td><strong>CLAIM FORM FOR LOANDEPOT DATA BREACH SETTLEMENT</strong><br><br><em>In re loanDepot Data Breach Litigation</em><br>Case No. 8:24-cv-00136-DOC-JDEx (C.D. Cal.)</td><td rowspan="2"><strong>LDT CLAIM</strong></td></tr>
</table>

| Cost Type (Check all that apply) | Date of Loss (Approximate) | Amount of Loss | Description of Reasonable Documentation (What you are attaching and why) |
|---|---|---|---|
| ☐ Miscellaneous expenses such as notary, fax, postage, copying, mileage, and/or long-distance telephone charges | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐☐ , ☐☐☐ . ☐☐ | *Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (such as police station or IRS office), indication of why you traveled there (i.e. police report or letter from IRS regarding falsified tax return) and number of miles you traveled.* |
| ☐ Other (provide detailed description) | ☐☐ / ☐☐ / ☐☐☐☐ (mm/dd/yyyy) | $ ☐☐☐ , ☐☐☐ . ☐☐ | *Please provide detailed description below or in a separate document submitted with this Claim Form.* |

## VI.   CALIFORNIA SUBCLASS PAYMENT

If you received a Notice informing you that the Settlement Class List indicated you are a member of the California Subclass, you will automatically be sent an additional California Subclass Payment for the claim brought under the CCPA, expected to be between $74.52 and $14.90, if the participation rate for California residents is between 2% and 10%, respectively.  If you did not receive a Notice informing you that you are a member of the California Subclass, but you were a resident of California between January 3, 2021, and [insert date Preliminary Approval Motion], please (i) sign the attestation at the end of this Claim Form that you are a member of the California Subclass and (ii) submit documentation demonstrating you were a California resident between January 3, 2021, and [insert date Preliminary Approval Motion], including, but not limited to, credit card statements, bank statements, invoices, utility bills, telephone records, and receipts.

## VII.   ATTESTATION

### (REQUIRED FOR OUT-OF-POCKET COSTS CLAIMS OR IF CLAIMING TO BE A MEMBER OF THE CALIFORNIA SUBCLASS)

I, _____ [Name], declare that I incurred the Out-of-Pocket Costs claimed above as a result of the Data Breach.

I, _____ [Name], declare that I was a resident of California between January 3, 2021, and [insert date Preliminary Approval Motion].

I declare under penalty of perjury under the laws of California and of the United States of America that the foregoing is true and correct.

Executed on _____, in _____, _____.
                [Date]                   [City]        [State]

_____
[Signature]

**Questions? Go to www.loandepotbreachsettlement.com or call 1-XXX-XXX-XXXXX**

# EXHIBIT B

1
2
3
4
5
6
7          **UNITED STATES DISTRICT COURT**
8          **CENTRAL DISTRICT OF CALIFORNIA**
9          **SOUTHERN DIVISION**
10
11
12   *In re loanDepot Data Breach Litigation*          Case No. 8:24-cv-00136-DOC-JDEx
13   This Document Relates to: All Cases               Assigned for All Purposes to: Courtroom 10A; Hon. David O. Carter
14
15                                                     **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
16
17
18                                                     Date:
                                                       Time:
19                                                     Dept.: 10A
20
21
22
23
24
25
26
27
28

1
**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

**WHEREAS**, the Court held a Final Approval Hearing to consider approval of this class action Settlement on _____, 202_. The Court has considered the Settlement Agreement (ECF No. ___), all matters submitted to it at the Final Approval Hearing, the relevant law, and all other files, records, and proceedings in this Action.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      For purposes of this Order, the Court adopts the terms and definitions set forth (and unless otherwise defined all capitalized terms herein shall have the same meaning as the defined terms) in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this Action and all matters relating to the Settlement, as well as personal jurisdiction over the Class Representatives, the Settlement Class Members, and Defendant loanDepot, Inc.

3.      <u>Class Notice</u>. The Court finds that the Notice was implemented in accordance with the Preliminary Approval Order and (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action; their right to submit a claim; their right to object to any aspect of the Settlement or Class Counsel's motion for attorneys' fees and expenses and Service Awards to the Class Representatives; their right to exclude themselves from the Settlement Class; and their right to appear at the Final Approval Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

4.      <u>Class Action Fairness Act Notice</u>. The notice to government officials, as given, complied with 28 U.S.C. § 1715.

///

2

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

5.    <u>Certification of the Settlement Class for Purposes of Settlement</u>. The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court certifies under Rule 23(b)(3) the following Settlement Class for purposes of Settlement only as follows:

> The approximately 16,924,007 individuals in the United States who received notice from loanDepot that their data may have been impacted or otherwise compromised by the Data Breach and are identified on the Settlement Class List. Excluded from the Settlement Class are: (1) the judges presiding over the Action, and members of their families; (2) loanDepot, its subsidiaries, parent companies, successors, predecessors, and any entity in which loanDepot or its parents have a controlling interest and their current or former officers, and directors, and (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period.

6.    The Court further certifies under Rule 23(b)(3) the following California Subclass for purposes of Settlement only as follows:

> The approximately 2,449,083 Settlement Class Members who were residents of the State of California, as identified on the Settlement Class List, and those Settlement Class Members who aver through a valid Claim Form and provide Reasonable Documentation that they were a California resident at the time of the Data Breach.

7.    <u>Rule 23(a) and (b) Considerations</u>. The Court incorporates herein by reference the class-certification analysis set forth in the "Order Granting Preliminary Approval of Class Action Settlement and Approving Form and Content of Class Notice." As to the Settlement Class, the Court continues to find that the class action prerequisites of Federal Rule of Civil Procedure 23(a) are satisfied. Specifically, the court continues to find that (i) the class is so numerous that joinder would be impractical, (ii) that common questions of law and fact exist as to the class, (iii) that the claims or defenses of the representative parties, here the Class Representatives, are typical of the claims or defenses of the class, and (iv) that the representative parties will fairly and adequately protect the interests of the class. In addition, the

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

Court continues to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3).

8.   <u>Class Representatives</u>. Plaintiffs Alphonso Woods, David Ware, Deborah McPhail, Josh Krieghauser, Daroya Isaiah, Joshua Beller, Maurice Beckwith, Robert Lash, Ryan Azinger, Lorenz Praefcke, Varun Singh, Debra Coe, Loretta Montgomery, Vidal Hernandez, Tracy Brown, Branislav Sasic, Jessica Schuler, Kyle Nunnelly, Nailah Ricco-Brown, and Matthew McFall ("Class Representatives") are hereby appointed, for settlement purposes only, representatives for the Settlement Class for purposes of Federal Rule of Civil Procedure 23.

9.   <u>Class Counsel</u>. Daniel S. Robinson of Robinson Calcagnie, Inc., Tina Wolfson of Ahdoot & Wolfson, PC, Abbas Kazerounian of Kazerouni Law Group APC, Stephen G. Larson of Larson LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC are hereby appointed as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

10.   <u>Final Settlement Approval</u>. In evaluating a proposed class action settlement under Federal Rule of Civil Procedure 23(e), the standard is whether the settlement "is fundamentally fair, adequate, and reasonable." The Court has conducted a careful and probing inquiry regarding the Settlement, which meets the heightened fairness standard applicable prior to class certification. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among others:

a.   There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and mediation with a respected mediator. *See, e.g., Officers*

*for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

b.    The uncertainty, complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class Members. *See, e.g., Lane v. Facebook, Inc*., 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the amount of investigation and confirmatory discovery conducted during settlement negotiations, the Parties have developed a perspective on the strengths and weaknesses of their respective cases to "make an informed decision about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).

c.    The support of Class Counsel and the Class Representatives, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Boyd v. Bechtel Corp*., 485 F. Supp. 610, 622 (N.D. Cal. 1979).

d.    The Settlement provides meaningful relief to the Class, and falls within the range of possible recoveries by the Settlement Class Members.

11.    <u>Releases</u>. The Releases set forth in Section IV.C. of the Settlement Agreement are expressly incorporated herein. The Releases are effective as of the Effective Date, and the Releasing Parties shall have absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims. In addition, the Released Parties are hereby forever barred and enjoined from

prosecuting the Released Claims against the Released Parties.

12.    Opt-Outs. The individuals identified in Exhibit A attached hereto and incorporated by this reference, submitted timely and valid Requests for Exclusion during the Opt-Out Period, are not releasing any claims, and are not bound by the terms of the Settlement Agreement or this Order. These individuals shall not share in the monetary benefits of the Settlement, and this Order does not affect their legal rights to pursue any claims they may have against Defendant.

13.    Objections. [No timely objections were filed.] or [The Court has considered the objection(s) filed in this matter, and (it is) (they are) overruled.]

14.    Attorneys' Fees and Expenses. The Court finds that an award of attorneys' fees in the amount of $_____ and reimbursement of costs and expenses in the separate amount of $_____ to Class Counsel is fair and reasonable; and therefore, approves such award. Class Counsel has the sole and absolute discretion to allocate this award to Plaintiffs' Counsel and any other attorneys based on each attorney's contributions to the prosecution and settlement of these Actions. No other counsel will be entitled to an independent award of attorneys' fees or expenses.

15.    Service Awards. The Court finds that a Service Award in the amount of $_____ to each Class Representative is fair and reasonable; and therefore, approves such payment. Such amounts shall be paid to the Class Representatives pursuant to and consistent with the terms of the Settlement Agreement.

16.    Dismissal with Prejudice. The Action, including all actions consolidated into the Action, and all individual and class claims asserted in the Consolidated Class Action Complaint, are settled and dismissed on the merits with prejudice.

17.    Jurisdiction. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of

6

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

18.    <u>Retention of Jurisdiction; Binding Effect</u>. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the Class Representatives, members of the Settlement Class, and Defendant to enforce the terms of the Settlement, the Court's order preliminarily certifying the class (ECF No. ___), and this Order. If any applications for relief are made, such applications shall be made to the Court. To avoid doubt, this Order applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

19.    <u>No Admission of Liability</u>. The Settlement and this Order are not admissions of liability or fault by the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

20.    <u>Modification of the Agreement of Settlement</u>. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provision of the

Settlement Agreement.

21.   <u>Termination of Settlement</u>. If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and the Defendants, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____, 202X   _____

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

# EXHIBIT A

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| *In re loanDepot Data Breach Litigation* | Case No. 8:24-cv-00136-DOC-JDEx |
| This Document Relates to: All Cases | Assigned for All Purposes to: Courtroom 10A; Hon. David O. Carter |
| | **[PROPOSED] JUDGMENT** |

On _____, 202X, the Court [granted] Plaintiffs' motion for final approval and [granted] Plaintiffs' motion for an award of Class Counsel's Fee Award and Costs and the Class Representatives' Service Awards. (ECF No. ___.)  All claims and parties to this action are dismissed with prejudice, and each party is to bear its own attorneys' fees and costs except as provided in the Court's order granting Plaintiffs' Motion for a Fee and Expense Award. The Parties are directed to implement the Settlement Agreement in accordance with its terms. The Court retains jurisdiction to enforce the terms of the Settlement Agreement. Judgment is entered. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: _____, 202X    _____

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

# EXHIBIT D

*In re loanDepot Data Breach Litigation*
**U.S. District Court, Central District of California, Case Number 8:24-cv-00136-DOC-JDE**

## Notice of loanDepot Data Breach Settlement

*A federal court has authorized this Notice. This is not junk mail, spam, an advertisement, or a solicitation from a lawyer. You are not being sued.*
***Please read this Notice carefully and completely, as it may affect your legal rights.***

### IMPORTANT MESSAGE FROM THE COURT

To receive benefits or payments from this Settlement, simply tear off and mail the Claim Form attached to the postcard you received (postage is prepaid). To receive your two free years of Financial Monitoring and Identity Theft Insurance from CyEx by Pango Group, please include a valid email address on the postcard before mailing. You may be eligible to receive additional benefits from the Settlement—please read below or go to www.loandepotbreachsettlement.com and submit a Claim Form using your claim number (located on the postcard notice you received).

### THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.

- A proposed Settlement has been reached with loanDepot, Inc. and loanDepot.com, LLC (collectively, "loanDepot" or "Defendants") relating to the alleged data breach loanDepot suffered between January 3-5, 2024 (the "Data Breach"). Any capitalized terms not specifically defined in this Notice are intended to have the same meanings as in the Settlement Agreement, which is available at www.loandepotbreachsettlement.com.

- The Settlement Class comprises approximately 16,924,007 individuals in the United States who were sent an individualized notice from loanDepot that their personally identifiable information ("PII") may have been impacted or otherwise compromised by the Data Breach.

- If you received a notice from loanDepot, you are included in this Settlement as a "Settlement Class Member."

- Under the Settlement, loanDepot has agreed to establish a Settlement Fund to pay for (1) Financial Monitoring and Identity Theft and Insurance Services; (2) a cash Monetary Payment for the alleged damages you may have incurred as a result of having your PII allegedly acquired during the alleged Data Breach; (3) an additional cash California Subclass Payment for members of the California Subclass for the claim brought under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.150, *et seq*. ("CCPA"); (4) cash payment of up to $5,000 for documented out-of-pocket costs fairly traceable to the alleged Data Breach; (5) the costs of the settlement administration, court-approved attorneys' fees and expenses, and Service Awards for Class Representatives. All Settlement Class Members will also benefit from the enhanced security measures implemented by Defendants in response to or following the Data Breach, valued in excess of $9 million.

- The Court in charge of this case has granted preliminary approval of the Settlement, but has not yet decided whether to grant final approval of the Settlement. No Settlement benefits or payments will be provided unless the Court grants final approval of the Settlement and the Settlement becomes final.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.loandepotdbreachsettlement.com or call 1-XXX-XXX-XXXX.**

- **These rights and options—and the deadlines to exercise them—are explained in this Notice. <u>If you are a Settlement Class Member, your legal rights will be affected whether or not you take action. Please read this entire Notice carefully.</u>**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **ACTION** | **EXPLANATION** | **DEADLINE** |
| **SUBMIT A CLAIM FORM AND OBTAIN BENEFITS UNDER THE SETTLEMENT** | Submitting a Claim Form is the only way that you can receive any of the benefits provided by this Settlement, including Financial Monitoring and Identity Theft Insurance Services, a Monetary Payment, a California Subclass Payment, and reimbursement of out-of-pocket costs.<br><br>If you submit a Claim Form, you will give up the right to sue the Defendants and certain related parties in any separate lawsuit about the legal claims this Settlement resolves. | **Claims must be filed on or before Month DD, YYYY.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against the Defendants, or certain related parties, for monetary damages relating to the claims this Settlement resolves.<br><br>If you exclude yourself, you will give up the right to receive any benefits from this Settlement other than the enhanced security measures described below. | **Requests for exclusion must be mailed on or before Month DD, YYYY.** |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT** | You may object to the Settlement by filing a statement with the Court and informing it why you don't think the Settlement should be approved and mailing a copy of the statement to the addresses set forth below. You can also write to the Court to provide comments or reasons why you support the Settlement.<br><br>If you object, you may also submit a Claim Form to receive Settlement benefits, and you will give up the right to sue the Defendants in a separate lawsuit about the legal claims this Settlement resolves. | **Objections must be filed and mailed on or before Month DD, YYYY.** |
| **ATTEND THE FINAL APPROVAL HEARING ON MONTH DD, YYYY** | You may attend the Final Approval Hearing where the Court may hear arguments concerning the approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must file a request to do so or include such a request in your filed objection. You are <u>not</u> required to attend the Final Approval Hearing. | |
| **DO NOTHING** | If you do nothing, you will not receive any of the Settlement benefits other than the enhanced security measures described below, and you will give up your rights to sue Defendants and certain related parties for the claims this Settlement resolves. | |

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to <u>www.loandepotdbreachsettlement.com</u> or call 1-XXX-XXX-XXXX.**

## BASIC INFORMATION

### 1.    Why did I get this Notice?

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all your rights and options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Honorable David O. Carter of the United States District Court for the Central District of California, Southern Division is overseeing this class action. The case is known as *In re loanDepot Data Breach Litigation,* Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.) (the "Action"). The people who filed this lawsuit are called the "Plaintiffs," and the companies they sued, loanDepot, Inc. and loanDepot.com, LLC, are called the "Defendants."

### 2.    What is this lawsuit about?

Between January 3-5, 2024, an unauthorized party gained access to certain loanDepot computer systems and potentially acquired the PII of approximately 16.9 million individuals associated with loanDepot, which may have included their names, addresses, email addresses, financial account numbers, Social Security numbers ("SSN"), phone numbers, and dates of birth.

Plaintiffs claim that Defendants failed to adequately protect their information and that they were injured as a result. Defendants deny any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that any law has been violated. Defendants deny the claims made by the Plaintiffs in the Action. By entering into the Settlement, the Defendants are not admitting any wrongdoing.

### 3.    Why is this a class action?

In a class action, one or more people called the Class Representatives sue on behalf of all people who have similar claims. Together all these people are called a Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who exclude themselves from the Class.

The 20 Class Representatives in this case are Alphonso Woods, David Ware, Deborah McPhail, Josh Krieghauser, Daroya Isaiah, Joshua Beller, Maurice Beckwith, Robert Lash, Ryan Azinger, Lorenz Praefcke, Varun Singh, Debra Coe, Loretta Montgomery, Vidal Hernandez, Tracy Brown, Branislav Sasic, Jessica Schuler, Kyle Nunnelly, Nailah Ricco-Brown, and Matthew McFall.

### 4.    Why is there a Settlement?

The Class Representatives and the Defendants do not agree about the claims made in this Action. The

Action has not gone to trial, and the Court has not decided in favor of the Class Representatives or the Defendants. Instead, the Class Representatives and the Defendants have agreed to settle the Action. The Class Representatives and the attorneys for the Class ("Class Counsel") believe the Settlement is best for all Settlement Class Members because of the risks and uncertainty associated with continued litigation and the nature of the defenses raised by the Defendants.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

If you received a postcard Notice of this Settlement, you have been identified as a potential Settlement Class Member, because you were sent a written notice from loanDepot concerning the alleged Data Breach.

| 6. | Are there exceptions to being included in the Settlement? |
|---|---|

Yes, the Settlement does not include (1) the judges presiding over the Action, and members of their families; (2) loanDepot, its subsidiaries, parent companies, successors, predecessors, and any entity in which loanDepot or its parents have a controlling interest and their current or former officers, and directors, and (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period.

| 7. | What if I am still not sure whether I am part of the Settlement? |
|---|---|

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement website at www.loandepotbreachsettlement.com or email the Settlement Administration at info@loandepotbreachsettlement.com.

## THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY

| 8. | What does the Settlement provide? |
|---|---|

The Settlement will provide Settlement Class Members with the following benefits:

- **Two years of comprehensive Financial Monitoring and Identity Theft Insurance Services** provided by CyEx by Pango Group;

- **Cash Monetary Payment** for the alleged damages you may have incurred, depending on the participation rate for the Settlement, the amount of which will be a pro rata share of the remaining Net Settlement Fund after all other Settlement Benefits have been paid, expected to be between $34.37 and $5.30, if the participation rate for the Settlement is between 2% and 10%, respectively, but before deducting Out-of-Pocket Costs Payments;

- **Cash California Subclass Payment,** for an additional cash payment for the claim brought under the CCPA, expected to be between $74.52 and $14.90, if the participation rate for California residents is between 2% and 10%, respectively; and

- **Cash payment of up to $5,000 for Out-of-Pocket Costs,** for documented losses or out-of-pocket

costs fairly traceable to the alleged Data Breach, which may be reduced pro rata depending on the number of claims submitted.

| 9. | Tell me more about the Financial Monitoring and Identity Theft Insurance Services. |
|----|-----|

Financial Monitoring and Identity Theft Insurance Services provide a way to protect yourself from unauthorized use of your information. If you already have financial monitoring services, you may still sign up for this additional protection. The Financial Monitoring and Identity Theft Insurance Services are being provided by CyEx by Pango Group. These Financial Monitoring and Identity Theft Insurance Services include:

- Financial Transaction Monitoring;
- Monthly Credit Score; Score Tracker;
- Bank & Financial Account Monitoring;
- High Risk Transaction Monitoring;
- Real-Time Authentication Alerts; Fictitious Identity Monitoring;
- Home Title Monitoring; Dark Web Monitoring; Address Change Monitoring; Security Freeze Assist;
- Lost Wallet Protection; Insight & Tips News Feeds on the Customer Dashboard; Spend Tracking;
- $1,000,000 Comprehensive Identity Theft Insurance;
- Victim Assistance; and
- Customer Support.

More information about the Financial Monitoring and Identity Theft Insurance Services that CyEx by Pango Group is providing as part of this Settlement is available at [insert landing page].

| 10. | Tell me more about the cash Monetary Payment. |
|-----|-----|

You may qualify for a cash "Monetary Payment."

Each Participating Settlement Class Member electing to receive a cash Monetary Payment will receive a payment from the Settlement Fund for the alleged damages they suffered as a result of having their PII allegedly acquired during the alleged Data Breach. The payment amount, if any, will depend on the participation rate for the Settlement and the amount will be each Participating Settlement Class Member's pro rata share of the remaining Net Settlement Fund, after all other Settlement Benefits have been paid for out of the Remaining Net Settlement Fund, including the costs for Financial Monitoring and Identity Theft Insurance Services, Out-of-Pocket Costs Payments, and California Subclass Payments.

The following chart depicts an approximation of the Monetary Payment before deducting the Out-of-Pocket Costs Payments:

| Participation Rate | Approx. Monetary Payment |
|----|----|
| 1% | $70.71 |
| 2% | $34.37 |
| 3% | $22.26 |
| 4% | $16.20 |

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.loandepotdbreachsettlement.com or call 1-XXX-XXX-XXXX.**

| | |
|---|---|
| 5% | $12.57 |
| 6% | $10.14 |
| 8% | $7.11 |
| 10% | $5.30 |

In the event that the Monetary Payment would be less than $3.00, no Monetary Payments will be made and the Parties will instead meet and confer on how to disperse the remaining Net Settlement Fund and present the plan to the Court for approval.

The act of submitting a valid and timely Claim Form to the Settlement Administrator (via U.S. Mail or through the Settlement Website) entitles a Settlement Class Member to be a Participating Settlement Class Member and constitutes a representation that they are electing to receive Financial Monitoring and Identity Theft Insurance Services and a Monetary Payment under the Settlement. Only those Settlement Class Members identified on the Settlement Class List may submit a Claim to receive a Monetary Payment.

| 11. | Tell me more about the cash California Subclass Payment. |
|---|---|

You may qualify for a cash "California Subclass Payment."

Each member of the California Subclass will receive an additional cash payment for the claim brought under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.150, et seq. ("CCPA"), expected to be between $74.52 and $14.90, if the participation rate for California residents is between 2% and 10%, respectively. The payment amount will be each Participating Settlement Class Member of the California Subclass' pro rata share of the California Subclass Settlement Fund. Under no circumstances shall the California Subclass Payment exceed $150 per member of the California Subclass. You are a member of the California Subclass if you are one of the approximately 2,449,083 Settlement Class Members who were residents of the State of California, as identified on the Settlement Class List, or you are a Settlement Class Member and provide Reasonable Documentation demonstrating that you were a California resident between January 3, 2021, and [insert date Preliminary Approval Motion].

The following chart depicts an approximation of the California Subclass Payment amounts, depending on the participation rate for the California Subclass:

| Participation Rate | Approx. California Subclass Payment |
|---|---|
| 1% | $149.04 |
| 2% | $74.52 |
| 3% | $49.68 |
| 4% | $37.26 |
| 5% | $29.81 |
| 6% | $24.84 |
| 8% | $18.63 |
| 10% | $14.90 |

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.loandepotdbreachsettlement.com or call 1-XXX-XXX-XXXX.**

In the event that the California Subclass Payment would be less than $3.00, no California Subclass Payment will be made and the Parties will instead meet and confer on how to disperse the remaining Net Settlement Fund and present the plan to the Court for approval.

The act of submitting a valid and timely Claim Form to the Settlement Administrator (via U.S. Mail or through the Settlement Website) constitutes a representation that a Participating Settlement Class Member who is a member of the California Subclass is electing to receive Financial Monitoring and Identity Theft Insurance Services, a Monetary Payment, and a California Subclass Payment under the Settlement. Only those Settlement Class Members who are members of the California Subclass may submit a claim to receive a California Subclass Payment.

| 12. | Tell me more about Cash Payments for Out-of-Pocket Costs. |
|---|---|

If you spent money remedying or addressing identity theft or fraud that was fairly traceable to the alleged Data Breach, or if you spent money to protect yourself from future harm because of the alleged Data Breach, you may make a claim for reimbursement of up to $5,000 in Out-of-Pocket Costs. Out-of-Pocket Costs include unreimbursed losses and consequential expenses (including late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, card cancellation or replacement fees, credit-related costs related to purchasing credit reports, credit or financial monitoring or identity theft protection, costs to place a freeze or alert on credit reports, and costs to replace a driver's license, state identification card, or SSN) that are related to any identity theft and fraud fairly traceable to the alleged Data Breach and were incurred on or after January 3, 2024. Other losses or costs fairly traceable to the alleged Data Breach may also be eligible for reimbursement. Under no circumstances shall the aggregate of approved Out-of-Pocket Costs Payments exceed Two Million Dollars and Zero Cents ($2,000,000.00). Out-of-Pocket Costs may be reduced pro rata. Only those Settlement Class Members identified on the Settlement Class List may submit a Claim to receive an Out-of-Pocket Costs Payment.

| 13. | Tell me more about the Enhanced Security Measures. |
|---|---|

The Parties agree that Class Representatives, Class Counsel, and this litigation were a motivating factor for certain remedial efforts and Business Practices Changes taken by loanDepot following the Data Breach, including but not limited to enhancements in data management, identity protection, cloud security and threat detection capabilities, which are estimated to have cost loanDepot $9,341,000.00.

| 14. | What is the total value of the Settlement? |
|---|---|

The total value of the Settlement is expected to exceed $86 million, consisting of a non-reversionary Settlement Fund of $25,000,000.00, the $9,341,000.00 in Enhanced Security Measures by Defendants as well as at least $52,599,813.76 for every one percent (1%) of Class Members receiving Financial Monitoring and Identity Theft Insurance Services, but before excluding the cost of Financial Monitoring and Identity Theft Insurance Services. For example, if one percent (1%) of the Settlement Class enrolls in Financial Monitoring and Identity Theft Insurance Services, the total value of the settlement benefits will be $86,607,410.82. Therefore, the value of the settlement benefits offered is likely to exceed $86 million.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.loandepotdbreachsettlement.com or call 1-XXX-XXX-XXXX.**

| 15. | **What am I giving up to get a Settlement payment or stay in the Settlement Class?** |

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all the Court's orders will apply to you and legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against Defendants or related parties about the legal issues in this Action that are resolved by this Settlement and released by the Class Action Settlement Agreement and Release ("Settlement Agreement"). The specific rights you are giving up are called Released Claims (see next question).

| 16. | **What are the Released Claims?** |

In exchange for the Settlement and as detailed in the Settlement Agreement, Settlement Class Members agree to release Defendants loanDepot, Inc. and loanDepot.com, LLC and their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and all their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing, of any and all liabilities, rights, claims, actions, causes of action, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, attorneys' fees, costs, interest or expenses), damages, penalties, costs, attorneys' fees, losses, or other remedies, whether known or unknown, existing or potential, suspected or unsuspected, that are, were, or could have been asserted against any of the Released Parties in the Action or in any other action or proceeding of any type or nature before any court, arbitrator(s), tribunal, or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, including any and all claims, actions, causes of action, demands, damages, penalties, losses, or remedies that relate to or are based upon one or more of the same factual predicates as the Action. Released Claims for any Settlement Class Member shall consist of a release of claims to the extent permitted pursuant to Federal Rules of Civil Procedure 23(b)(3).

The Released Claims do not include claims against the cyber attacker(s) who committed the criminal acts involved in the alleged Data Breach and persons or entities that intentionally misuse for unlawful purposes the information potentially acquired in the alleged Data Breach.

More information is provided in the Settlement Agreement, which is available at www.loandepotbreachsettlement.com.

## HOW TO GET SETTLEMENT BENEFITS − SUBMITTING A CLAIM FORM

| 17. | **How do I make a claim for Settlement Benefits?** |

Claim Forms may be submitted online at www.loandepotbreachssettlement.com or mailed to the Settlement Administrator at the address on the form. Claim Forms are also available for download on the Settlement website or you may request one by emailing info@loandepotbreachsettlement.com or writing to *In re loanDepot Data Breach Litigation*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210,

Philadelphia, PA 19103. The quickest way to file a claim is online.

If you received a Notice by email, you may use the link to the Settlement Website to submit a claim.

If you received a Postcard Notice by mail, please use your Claim Number and the Confirmation Code, located directly above your name, to file your Claim Form online. If you lost or do not know your Claim Number, please email info@loandepotbreachsettlement.com to obtain it. **The deadline to complete and submit a Claim Form is Month DD, YYYY.**

| 18. | How do I make a claim for Financial Monitoring and Identity Theft Insurance  Services? |
|---|---|

If you received a Notice by email, you may use the link to the Settlement Website to submit a claim for Financial Monitoring and Identity Theft Insurance Services.

If you received a postcard Notice in the mail, you may use the Claim Form provided to file a claim for Financial Monitoring and Identity Theft Insurance Services. Simply provide your email address (required to obtain Financial Monitoring and Identity Theft Insurance Services), tear the Claim Form at the perforation, and place it in the mail postmarked on or before Month DD, YYYY. If you prefer not to provide your email address on the tear-away Claim Form mailed to you, you may instead submit a Claim Form online or mail a Claim Form to the Settlement Administrator.

You may access the Claim Form, file a claim, and obtain additional information at www.loandepotbreachsettlement.com. Instructions for filling out a claim for Financial Monitoring and Identity Theft Insurance Services are included on the Claim Form. **The deadline to file a claim for Financial Monitoring and Identity Theft Insurance Services is Month DD, YYYY.** You may file a claim for Financial Monitoring and Identity Theft Insurance Services in addition to claims for a Monetary Payment, a California Subclass Payment, and Out-of-Pocket Costs Payment.

| 19. | How do I make a claim for a cash Monetary Payment? |
|---|---|

If you received a Notice by email, you may use the link to the Settlement Website to submit a claim for a cash payment for the alleged damages you purportedly incurred as a result of having your PII allegedly acquired during the alleged Data Breach.

If you received a Notice in the mail, you may use the Claim Form provided to file a claim for a Monetary Payment. To file a claim for a Monetary Payment, simply tear the Claim Form at the perforation, provide your email address, and place it in the mail postmarked on or before Month DD, YYYY. Payments will be sent electronically via Prepaid Card to the email addresses provided. If you prefer to receive your Monetary Payment via another electronic method or by a physical check mailed to your address, submit your claim online at www.loandepotbreachsettlement.com.

If you prefer not to provide your email address on the tear-away Claim Form mailed to you, you may instead submit a Claim Form online.

You may access the Claim Form, file a claim, and obtain additional information at www.loandepotbreachsettlement.com. Instructions for filling out a claim for a Monetary Payment are included on the Claim Form. The deadline to file a claim for a Monetary Payment is Month DD, YYYY.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.loandepotdbreachsettlement.com or call 1-XXX-XXX-XXXX.**

You may file a claim for a Monetary Payment in addition to claims for Financial Monitoring and Identity Theft Insurance Services, a California Subclass Payment, and reimbursement of Out-of-Pocket Costs. Only those Settlement Class Members identified on the Settlement Class List may submit a Claim to receive a Monetary Payment.

| 20. | How do I make a claim for a California Subclass Payment? |
|---|---|

If you received a Notice by email informing you that you are a member of the California Subclass, you may use the link to the Settlement Website to submit a claim for an additional cash payment for the claim brought under the CCPA.

If you received a Notice in the mail informing you that you are a member of the California Subclass, you may use the Claim Form provided to file a claim for a California Subclass Payment. To file a claim for a California Subclass Payment, simply tear the Claim Form at the perforation, provide your email address, and place it in the mail postmarked on or before Month DD, YYYY. Payments will be sent electronically via Prepaid Card to the email addresses provided. If you prefer to receive your California Subclass Payment via another electronic method or by a physical check mailed to your address, submit your claim online at www.loandepotbreachsettlement.com.

If you prefer not to provide your email address on the tear-away Claim Form mailed to you, you may instead submit a Claim Form online.

If you did not receive a Notice by email or in the mail informing you that you are a member of the California Subclass, but you were a resident of California between January 3, 2021, and [insert date the Preliminary Approval Motion is filed] and you would like to receive a California Subclass Payment, you must sign the attestation at the end of the Claim Form that you are a member of the California Subclass and submit Reasonable Documentation demonstrating you were a California resident between January 3, 2021, and [insert date Preliminary Approval Motion], including, but not limited to, credit card statements, bank statements, invoices, utility bills, telephone records, and receipts.

You may access the Claim Form, file a claim, and obtain additional information at www.loandepotbreachsettlement.com. Instructions for filling out a claim for a California Subclass Payment are included on the Claim Form. The deadline to file a claim for a California Subclass Payment is Month DD, YYYY. You may file a claim for a California Subclass Payment in addition to claims for Financial Monitoring and Identity Theft Insurance Services, a Monetary Payment, and reimbursement of Out-of-Pocket Costs. Only those Settlement Class Members identified on the Settlement Class List may submit a Claim to receive a California Subclass Payment.

| 21. | How do I make a claim for a cash payment for Out-of-Pocket Costs? |
|---|---|

To file a claim for a cash payment of up to $5,000 for reimbursement of Out-of-Pocket Costs, you must submit a valid Claim Form electing to receive a payment for Out-of-Pocket Costs. The Claim Form requires that you sign the attestation regarding the information you provided and that you include Reasonable Documentation supporting those Out-of-Pocket Costs, including, but not limited to, credit card statements, bank statements, invoices, telephone records, and receipts.

You may access the Claim Form, file a claim, and obtain additional information at

www.loandepotbreachsettlement.com. Instructions for filling out a claim for Out-of-Pocket Costs are included on the Claim Form. **The deadline to file a claim for Out-of-Pocket Costs is <mark>Month DD, YYYY.</mark>** You may file a claim for Out-of-Pocket Costs in addition to claims for Financial Monitoring and Identity Theft Insurance Services, Monetary Payment, and California Subclass Payment. Only those Settlement Class Members identified on the Settlement Class List may submit a Claim to receive an Out-of-Pocket Costs Payment.

| **22.** | **What happens if my contact information changes after I submit a claim?** |
|---|---|

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by emailing info@loandepotbreachsettlement.com or by writing to *In re loanDepot Data Breach Litigation*, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

| **23.** | **When and how will I receive the Financial Monitoring and Identity Theft Insurance Services I claim from the Settlement?** |
|---|---|

If you make a valid and timely claim for Financial Monitoring and Identity Theft Insurance Services, the Settlement Administrator will send you information on how to activate your financial monitoring after the Settlement becomes final to the email address provided.

| **24.** | **What happens if money remains after all the Settlement Claims are paid?** |
|---|---|

None of the money in the Settlement Fund will be paid back to Defendants. If there is any money left in the Settlement Fund 180 days after the distribution of payments to Settlement Class Members (e.g., in the case of uncashed checks for Monetary or California Subclass Payments), a subsequent Settlement Payment will be evenly made to all Participating Settlement Class Members with Approved Claims who cashed or deposited their Settlement payment, provided that the average payment amount is equal to or greater than Three Dollars and No Cents ($3.00). If the average check amount in a subsequent Settlement Payment distribution would be less than Three Dollars and No Cents ($3.00), the remaining Net Settlement Fund shall be distributed to the Non-Profit Residual Recipient.

## THE LAWYERS REPRESENTING YOU

| **25.** | **Do I have a lawyer in this case?** |
|---|---|

Yes, the Court has appointed Daniel S. Robinson of Robinson Calcagnie, Inc., Tina Wolfson of Ahdoot & Wolfson, PC, Abbas Kazerounian of Kazerouni Law Group APC, Stephen G. Larson of Larson LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC who were appointed as Interim Co-Lead Counsel for Plaintiffs, to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this Action.

| 26. | How will Class Counsel be paid? |
|---|---|

Class Counsel will file a motion asking the Court to award them attorneys' fees up to $7,500,000.00 and, separately, reimbursement of litigation expenses and costs. They will also ask the Court to approve $5,000 service awards to each of the twenty Class Representatives for participating in this Action and for their efforts in achieving the Settlement. If awarded, these amounts will be deducted from the Settlement Fund before making payments to Settlement Class Members. The Court may award less than these amounts.

Class Counsel's application for attorneys' fees, expenses, and service awards will be made available on the Settlement website at www.loandepotbreachsettlement.com before the deadline for you to opt-out or object to the Settlement. You can also request a copy of the application by emailing the Settlement Administrator at info@loandepotbreachsettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendants on your own, based on the claims raised in this Action or released by the Released Claims, then you must take steps to exclude yourself or "opt-out" of the Settlement.

| 27. | How do I exclude myself from the Settlement? |
|---|---|

To exclude yourself from the Settlement, you must complete and sign a Request for Exclusion. The Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. If a Request for Exclusion to the Settlement Administrator is submitted by U.S. Mail, such Request for Exclusion must be in writing and must identify the case name *In re loanDepot Data Breach Litigation,* Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.); state your name, address, and telephone number; be physically signed by you; and contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re loanDepot Data Breach Litigation,* Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.)." If mailed, the Request for Exclusion must be addressed to the Settlement Administrator at the address below and postmarked no later than **Month DD, YYYY.**

*In re loanDepot Data Breach Litigation*
Attn: Exclusion Requests
P.O. Box 58220
Philadelphia, PA 19102

By submitting a valid Request for Exclusion, you shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of the Settlement.

**You cannot exclude yourself from the Settlement Class through "mass" or "class" opt-outs, or by telephone or email.**

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.loandepotdbreachsettlement.com or call 1-XXX-XXX-XXXX.**

| 28. | If I exclude myself, can I still get Financial Monitoring and Identity Theft Insurance Services and cash payments? |
|---|---|

No. If you exclude yourself, you are telling the Court that you don't want to be part of the Settlement. The only way to obtain settlement benefits, including Financial Monitoring and Identity Theft Insurance Services and cash payments, is to not opt out of the Settlement and instead to submit a valid and timely Claim Form.

| 29. | If I do not exclude myself, can I sue the Defendants for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue the Defendants or Released Parties for the claims that this Settlement resolves. You must exclude yourself from this Action to start or continue your own lawsuit or be part of any other lawsuit against the Defendants or any of the Released Parties. If you have a pending lawsuit, consult with your attorney in that case immediately.

## OBJECT TO OR COMMENT ON THE SETTLEMENT

| 30. | How do I tell the Court that I object to the Settlement? |
|---|---|

If you do not exclude yourself and you are a Settlement Class Member, you can tell the Court that you do not agree with all or any part of the Settlement. You can give reasons why you think the Court should not approve the Settlement. To object, you must file a signed statement with the Clerk of the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701, with the caption *In re loanDepot Data Breach Litigation*, Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.), that includes: (i) your full name, current mailing address, and telephone number; (ii) a signed statement that he or she believes himself or herself to be a member of the Settlement Class and the basis of such belief; (iii) a statement of whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class, and the specific grounds for the objection; (iv) all documents or writings that you desires the Court to consider, including all evidence the to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness and copy of all documents or other non-oral materials to be presented; (v) a statement regarding whether you (or your counsel) intend to appear at the Final Approval Hearing; and (vi) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years.

You must also mail a copy of your objection to the following places postmarked no later than ==Month DD, YYYY==:

| Court |
|---|
| Clerk of the Court |
| United States District Court |
| Central District of California |
| Ronald Reagan Federal Bldg. |
| 411 West Fourth Street |
| Santa Ana, CA, 92701 |

| Class Counsel | Class Counsel | Class Counsel |
|---|---|---|
| Daniel S. Robinson<br>c/o loanDepot Data Breach Settlement<br>ROBINSON CALCAGNIE, INC.<br>P.O. Box 2350<br>Newport Beach, CA 92658-8962 | Tina Wolfson<br>c/o loanDepot Data Breach Settlement<br>AHDOOT & WOLFSON, PC<br>2600 W. Olive Avenue, Suite 500<br>Burbank, California 91505 | Abbas Kazerounian<br>c/o loanDepot Data Breach Settlement<br>KAZEROUNI LAW GROUP<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626 |
| **Class Counsel** | **Class Counsel** | **Defendants' Counsel** |
| Stephen Larson<br>c/o loanDepot Data Breach Settlement<br>LARSON LLP<br>555 S. Flower Street, 30th Floor<br>Los Angeles, CA 90071 | Gary M. Klinger<br>c/o loanDepot Data Breach Settlement<br>MILBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606 | Matthew D. Brown<br>COOLEY LLP<br>3 Embarcadero Center<br>20th Floor<br>San Francisco, CA 94111 |

**31.     What is the difference between objecting and requesting exclusion?**

Objecting is informing the Court you do not like something about the Settlement.  However, you may object only to the portion of the Settlement providing monetary compensation and financial monitoring and identity theft insurance if you do not submit an opt-out, and thus exclude yourself, from that portion of the Settlement. Requesting exclusion from that portion of the Settlement is informing the Court you do not want to be part of, or participate in, that portion of the Settlement.

## THE FINAL APPROVAL HEARING

**31.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on **Month DD, YYYY at HH:MM _.m.** before the Honorable David O. Carter, United States District Court, Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Courtroom 10A, Santa Ana, CA, 92701.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and decide whether to grant final approval of the Settlement, approve Class Counsel's application for attorneys' fees and expenses as well as service awards to the Class Representatives. If there are objections, the Court will consider them. The Court will also hear from people who have asked to speak at the hearing.

**32.     Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file and mail an objection, you do not have to attend the hearing. As long as you file and mail your written objection on time and as set forth above, it will be considered by the Court.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.loandepotdbreachsettlement.com or call 1-XXX-XXX-XXXX.**

| 33. | **May I speak at the Final Approval Hearing?** |
|---|---|

Yes. If you wish to attend and speak at the Final Approval Hearing, you must file with the Court and Counsel for the Parties a Notice of Intention to Appear. The deadlines and instructions for filing and Notice of Intention to Appear can be found in Question 29 above.

If you filed an objection, your objection must state whether you or your attorney intends to appear at the Final Approval Hearing and must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Final Approval Hearing. If you plan to have your attorney speak for you at the Final Approval Hearing, your objection must also include your attorney's name, address, and phone number.

## IF YOU DO NOTHING

| 34. | **What happens if I do nothing at all?** |
|---|---|

If you are a Settlement Class Member and you do nothing, you will remain a member of the Settlement Class but will not receive any Settlement benefits other than the Enhanced Security Measures described above that Defendants have undertaken or plan to undertake following the Data Breach. You will also give up rights explained in Questions 15 and 16, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or any of the Released Parties about the legal issues in this Action and released by the Settlement Agreement.

## GETTING MORE INFORMATION

| 35. | **How do I get more information?** |
|---|---|

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement itself. The Settlement Agreement and other related documents are available at www.loandepotbreachsettlement.com or by writing to *In re loanDepot Data Breach Litigation,* c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Central District of California or reviewing the Court's online docket.

If you have questions, you may contact Class Counsel at:

| Class Counsel | Class Counsel | Class Counsel |
|---|---|---|
| Daniel S. Robinson<br>c/o loanDepot Data Breach Settlement<br>ROBINSON CALCAGNIE, INC.<br>P.O. Box 2350<br>Newport Beach, CA 92658-8962 | Tina Wolfson<br>c/o loanDepot Data Breach Settlement<br>AHDOOT & WOLFSON, PC<br>2600 W. Olive Avenue, Suite 500<br>Burbank, California 91505 | Abbas Kazerounian<br>c/o loanDepot Data Breach Settlement<br>KAZEROUNI LAW GROUP<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626 |

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.loandepotdbreachsettlement.com or call 1-XXX-XXX-XXXX.**

| Class Counsel | Class Counsel |
|---|---|
| Stephen Larson | Gary M. Klinger |
| c/o loanDepot Data Breach Settlement | c/o loanDepot Data Breach Settlement |
| LARSON LLP | MILBERG COLEMAN BRYSON |
| 555 S. Flower Street, 30th Floor | PHILLIPS GROSSMAN, PLLC |
| Los Angeles, CA 90071 | 227 W. Monroe Street, Suite 2100 |
| | Chicago, IL 60606 |

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE. THE COURT CANNOT ANSWER ANY QUESTIONS.**

# EXHIBIT E

1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

10

11

| | |
|---|---|
| *In re loanDepot Data Breach Litigation*<br><br>This Document Relates to: All Cases | Case No. 8:24-cv-00136-DOC-JDEx<br><br>Assigned for All Purposes to: Courtroom 10A; Hon. David O. Carter<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING FORM AND CONTENT OF CLASS NOTICE**<br><br>Date:<br>Time:<br>Dept.: 10A |

20

21

22

23

24

25

26

27

28

1

**WHEREAS**, Plaintiffs Alphonso Woods, David Ware, Deborah McPhail, Josh Krieghauser, Daroya Isaiah, Joshua Beller, Maurice Beckwith, Robert Lash, Ryan Azinger, Lorenz Praefcke, Varun Singh, Debra Coe, Loretta Montgomery, Vidal Hernandez, Tracy Brown, Branislav Sasic, Jessica Schuler, Kyle Nunnelly, Nailah Ricco-Brown, and Matthew McFall ("Plaintiffs") and Defendant loanDepot, Inc. ("Defendant" and together with Plaintiffs, the "Parties") in the above-captioned consolidated class action ("Action") have moved for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, seeking preliminary approval of a proposed settlement of the Action, in accordance with a Class Action Settlement Agreement and Release ("Settlement Agreement") entered into by the Parties on _____, 202X, which, together with the exhibits thereto, sets forth the terms and conditions for the proposed resolution of this litigation and for its dismissal with prejudice;

**WHEREAS**, this Court has reviewed the Settlement Agreement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Court finds that the Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted, as described in Paragraphs 21-23 below.

2. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits thereto, Plaintiffs' motion papers and briefs, and the declaration of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement resulted from serious, informed, and non-collusive

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

negotiations conducted with the assistance of JAMS mediator Hon. Jay Gandhi (Ret.).

4.     The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

5.     The Court GRANTS the preliminary approval of the Settlement Agreement and all the terms and conditions contained therein.

**Certification for Settlement Purposes Only**

6.     The Settlement Agreement defines the Settlement Class as follows:

> The approximately 16,924,007 individuals in the United States who received notice from loanDepot that their data may have been impacted or otherwise compromised by the Data Breach, and are identified on the Settlement Class List. Excluded from the Settlement Class are: (1) the judges presiding over the Action, and members of their families; (2) loanDepot, its subsidiaries, parent companies, successors, predecessors, and any entity in which loanDepot or its parents have a controlling interest and their current or former officers, and directors, and (3) individuals who properly execute and submit a procedurally proper and timely Request for Exclusion prior to the expiration of the Opt-Out Period.

7.     The Settlement Agreement further defines the California Subclass as follows:

> The approximately 2,449,083 Settlement Class Members who were residents of the State of California, as identified on the Settlement Class List, and those Settlement Class Members who aver through a valid Claim Form and provide Reasonable Documentation that they were a California resident at the time of the Data Breach.

8.     If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, (a) to the extent applicable, the Preliminary Approval Order, the Final Approval Order, and the Judgment, and all of its or their provisions will be vacated by its or their own terms, including, but not limited to, vacating any and all rulings regarding class certification for settlement purposes, including conditional certification of the

3

Settlement Class under Rule 23(b)(3), conditional appointment of Plaintiffs as Class Representatives, and conditional appointment of Plaintiffs' Counsel as Class Counsel; (b) the Settlement Agreement will be deemed null and void (with the exception of Paragraphs IV.D.67.), and the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) (i) no term or draft of the Settlement Agreement, (ii) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), (iii) nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and the Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Approval Order and the Judgment for any reason, or if the Effective Date of the Settlement cannot occur for any reason, Defendant shall retain all its rights, for example, to object to the maintenance of the Action as a class action, to move to dismiss, to move for summary judgment, and to assert defenses at trial, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action, or for any other purpose.

9.    Solely for purposes of effectuating the proposed Settlement Agreement, the Court finds, pursuant to Rule 23(e)(1), that the requirements for class certification under Federal Rule of Civil Procedure 23(a) are likely to be found satisfied as: the Settlement Class is comprised of more than one million individuals; there are questions of law or fact common to the Settlement Class; the Class Representatives' claims are typical of those of Settlement Class Members; and the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

10.    Solely for purposes of effectuating the proposed Settlement, the Court

4

finds, pursuant to Rule 23(e)(1), that the requirements for class certification under Federal Rule of Civil Procedure 23(b)(3) are likely to be found satisfied as: the questions of law or fact common to the Settlement Class predominate over individual questions and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

11.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court hereby appoints as Class Representatives: Alphonso Woods, David Ware, Deborah McPhail, Josh Krieghauser, Daroya Isaiah, Joshua Beller, Maurice Beckwith, Robert Lash, Ryan Azinger, Lorenz Praefcke, Varun Singh, Debra Coe, Loretta Montgomery, Vidal Hernandez, Tracy Brown, Branislav Sasic, Jessica Schuler, Kyle Nunnelly, Nailah Ricco-Brown, and Matthew McFall.

12.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of effectuating the Settlement, the Court hereby appoints as Class Counsel to represent the proposed Settlement Class: Daniel S. Robinson of Robinson Calcagnie, Inc., Tina Wolfson of Ahdoot & Wolfson, PC, Abbas Kazerounian of Kazerouni Law Group APC, Stephen G. Larson of Larson LLP, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC. Solely for the purposes of effectuating the Settlement, Class Counsel are authorized to act on behalf of the Class Representatives, and all other Settlement Class Members, with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement, subject to final approval by the Court of the Settlement.

**Administration and Notice to the Settlement Class**

13.    The Court appoints Angeion Group to serve as the Settlement Administrator. Angeion Group shall supervise and administer the notice procedures, establish and operate the Settlement Website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the

Settlement Agreement, and perform any other duties that are reasonably necessary or provided for in the Settlement Agreement.

14.    All reasonable costs of notice and costs of administering the Settlement shall be paid from the Settlement Fund as contemplated by Paragraph IV.A.2 and IV.D.69 of the Settlement Agreement.

15.    The Court approves, as to form and content, the proposed Claim Form, Long Form Notice, and the Summary Notice (nationwide and subclass versions), which are attached to the Settlement Agreement as Exhibits A, D, and F, respectively, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for Attorneys' Fees and Expenses and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

16.    Within 10 Business Days of the Court entering the Preliminary Approval Order, Defendant shall, for the purpose of facilitating the distribution of the Summary Notices, provide the Settlement Administrator, who shall maintain such list confidentially and shall not disclose to any other party or third person, with the Settlement Class List.

17.    Pursuant to Section IV.G. of the Settlement Agreement, the Settlement Administrator shall complete dissemination of the Notice on or before the Notice Date, defined in the Settlement Agreement as 30 days from the date the Settlement Administrator receives the Settlement Class List from Defendant. Within 14 days after entry of this Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website which shall contain relevant documents relating to the settlement such as the Notices, information about the submission of Claim Forms,

and other relevant documents (such as the operative complaint filed in the Action, the Settlement Agreement, the Preliminary Approval Order, Claim Form, any application for the Fee and Expense Award and Service Award, any brief filed by the Parties in support of the Settlement, and the Final Approval Order).

### Participation in the Settlement, Requests for Exclusion and Objections

18.    Settlement Class Members who wish to make a Claim must do so by submitting a Claim Form by the Claim Deadline, which is hereby set as 90 days following the Notice Date, in accordance with the instructions contained therein. The Settlement Administrator shall determine the eligibility of Claims submitted and allocate the Settlement Funds in accordance with the Settlement Agreement.

19.    Settlement Class Members who wish to object to the Settlement must mail to the Court, or file through the Court's ECF system, a written objection with the caption *In re loanDepot Data Breach Litigation,* Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.), that includes: (i) the Settlement Class Member's full name, current mailing address,  and telephone number; (ii) a signed statement that he or she believes himself or herself to be a member of the Settlement Class and the basis of such belief; (iii) a statement of whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class, and the specific grounds for the objection; (iv) all documents or writings that the Settlement Class Member desires the Court to consider including all evidence the to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness and copy of all documents or other non-oral materials to be presented; (v) a statement regarding whether they (or counsel of their choosing) intend to appear at the Final Approval Hearing; and (vi) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years. All written objections must be post-marked no later than the Objection Deadline. Any member of the Settlement Class who does not file a valid

and timely written objection in accordance with these procedures and the procedures detailed in Paragraph IV.I.99 of the Settlement Agreement, shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action or in any other action or proceeding.

20.     Any putative member of the Settlement Class who seeks to be excluded from the Settlement Class must submit a Request for Exclusion, which must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. If a Request for Exclusion to the Settlement Administrator is made via US Mail, the request must be in writing and must identify the case name *In re loanDepot Data Breach Litigation,* Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.); state the name, address and telephone number of the Settlement Class Members seeking exclusion; be physically signed by the Person(s) seeking exclusion; and contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re loanDepot Data Breach Litigation,* Case No. 8:24-cv-00136(C.D. Cal.)." Any Person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. No Person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any member of the Settlement Class who does not file a valid and timely Request for Exclusion shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order.

### Final Approval Hearing

21.     The Final Approval Hearing shall be held by the Court on _____, _____, 202X, beginning at __:__ a.m., in Courtroom 10A of the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701.

8

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

22.    At the Final Approval Hearing, the Court will determine whether:  (1) the requirements for certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) have been met; (2) the proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; (3) Class Counsel's motion for a Fee and Expense Award and Service Awards should be approved; and (4) the Final Approval Order and the Judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Plaintiffs and all other Settlement Class Members should be entered.

23.    The Final Approval Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Hearing), be continued or adjourned by order of the Court.

24.    Objections by any Settlement Class Member to (a) the certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement; and/or (c) the entry of the Final Approval Order and Final Judgment, shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a Settlement Class Member, and states the basis for such objections.

25.    On or before _____, 202X, Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment. On or before _____, 202X, Class Counsel shall file all papers in support of any motion for a Fee Award and Costs and Service Awards.

26.    Objections by any Settlement Class Member to Class Counsel's motion for a Fee Award and Costs and Service Awards shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member files with the Court a notice of his or her objections, submits documentary proof that he or she is a

9

Settlement Class Member, and states the basis for such objections, by _____, 202X.

27.     Class Counsel's Motion for a Fee Award and Costs and Service Award will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's Motion for a Fee Award and Costs and Service Award, or any reversal or modification of any such order, shall not operate to modify, terminate, or cancel the Settlement or affect or delay the finality of the Final Approval Order and Judgment.

28.     All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order by the Court.

29.     All Persons in the Settlement Class who do not validly and timely opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

30.     The Parties' Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

**IT IS SO ORDERED.**


Dated: _____, 202X     _____

                                                        HON. DAVID O. CARTER
                                                        UNITED STATES DISTRICT JUDGE

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

EXHIBIT F-1

**Court-Approved Legal Notice**
In re loanDepot Data Breach Litigation
Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.)

In re loanDepot Data Breach Litigation
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**You Can Get a Cash Payment and FREE Financial Monitoring & Identity Theft Insurance Services to Help Protect Your Personal Information That May Have Been Taken in the loanDepot Data Breach.**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**Complete and Return the Claim Form by Month DD, YYYY.**

**IF YOU ARE IN THE SETTLEMENT CLASS, YOU ARE ENTITLED TO CLAIM BENEFITS AND YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU TAKE ACTION.**

**www.loandepotbreachsettlement.com**
**1-XXX-XXX-XXXX**

*Para notificación en Español, llamar o visitar nuestro sitio web.*

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

| NOTICE ID: 001236<br>«FIRST NAME» «LAST NAME»<br>«ADDRESS» | LOANDEPOT DATA BREACH<br>CLAIM FORM<br>ID #:969 | «Barcode» |

*Complete this Claim Form, tear at perforation above, and return by U.S. Mail no later than **Month DD, YYYY**.*

You may submit this Claim Form for Financial Monitoring and Identity Theft Insurance Services and a cash Monetary Payment. If you were a resident of California anytime between January 3, 2021, and [insert date Preliminary Approval Motion], you may qualify for an additional cash California Subclass Payment, expected to be between $74.52 and $14.90, if the participation rate for California residents is between 2% and 10%, respectively. Claims for a California Subclass Payment or Out-of-Pocket Costs must be submitted online at www.loandepotbreachsettlement.com using your Claim Number and Confirmation Code (located above) or by printing a Claim Form from the Settlement Website.

**FINANCIAL MONITORING AND IDENTITY THEFT INSURANCE SERVICES:** You have been identified as someone who is included in this class action settlement and eligible to receive two years of free financial monitoring and identity theft insurance services.

Provide your email address and return this Claim Form no later than **Month DD, YYYY** to file a claim for Financial Monitoring and Identity Theft Insurance Services, or submit your claim online at www.loandepotbreachsettlement.com.

| | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

Email address (required unless you submit your claim online)

**MONETARY PAYMENT:** If you submit an approved claim, you will be sent a Monetary Payment, estimated to be between $~~36.51~~34.37 and $~~75~~.30, if the participation rate is between 2% and 10%, respectively, but before deducting ~~the cost of Financial Monitoring and~~ Out-of-Pocket Costs Payments from the remaining Fund. Monetary Payment amounts will be each Participating Settlement Class Member's pro rata share of the remaining Net Settlement Fund after all other Settlement Benefits have been paid.

To receive additional cash payments for Out-of-Pocket Costs or a California Subclass Payment, go to www.loandepotbreachsettlement.com. Payments will be sent electronically via Prepaid Card to the email addresses provided above. If you prefer to receive your Monetary Payment via another electronic method or by a physical check mailed to your address, submit your claim online at www.loandepotbreachsettlement.com.

**What is this Notice about?** A proposed Settlement has been reached with loanDepot, Inc. ("loanDepot") relating to an alleged data breach on January 3-5, 2024, whereby an unauthorized party potentially acquired the personally identifiable information ("PII") of approximately 16.9 million individuals associated with loanDepot ("Data Breach"). Plaintiffs claim that loanDepot did not adequately protect its clients' information. loanDepot denies any wrongdoing. No judgment or determination of wrongdoing has been made.

**Who is included in the Settlement?** Records indicate you are included in this Settlement and eligible to receive a cash payment and financial monitoring. Class Members are the approximately 16.9 million persons whose PII may have been acquired as a result of the Data Breach and are identified on the Settlement Class List as having been sent individualized written notice of the breach.

**What benefits can I receive?** Settlement Class Members can obtain several valuable benefits described below.

- **Two years of free Financial Monitoring and Identity Theft Insurance Services** through CyEx by Pango Group;
- **Monetary Payment**, for the alleged damages. The amount depends on the claims rate, but will be each Participating Class Member's pro rata share of the Net Settlement Fund, after all other Benefits have been paid;
- **Cash payment of up to $5,000 for Out-of-Pocket Costs**, for reimbursement of <u>documented</u> losses and/or expenditures fairly traceable to the Data Breach, may be reduced pro rata depending on the number of claims;
- **California Subclass Payment** to members of California Subclass for the claim brought under the CCPA, but will be each member of the California Subclass's pro rata share of the California Subclass Settlement Fund.

**How can I receive the Settlement Benefits? To receive benefits, you must file and submit a Claim Form, including any required documentation, on or before Month DD, YYYY.** You may use the enclosed Claim Form to file a claim for a Monetary Payment or Financial Monitoring. To file a claim for Out-of-Pocket Costs or for a California Subclass Payment, you must submit your Claim Form online, or obtain a Claim Form at **www.loandepotbreachsettlement.com** or by emailing **info@ loandepotbreachsettlement.com**.

**What are my other options?** If you file a Claim Form, object to the Settlement or do nothing, you are choosing to stay in the Settlement Class. You will be legally bound by all orders of the Court and you will not be able to start, continue or be part of any other lawsuit against Defendant or related parties about the Data Breach. If you don't want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself **on or before Month DD, YYYY**. If you do not exclude yourself, you may object to the Settlement **on or before Month DD, YYYY**.

**The Final Approval Hearing.** The Court has scheduled a hearing in this case for **Month DD, YYYY**, to consider whether to approve the Settlement, Service Awards, attorneys' fees and costs; as well as any objections. You or your attorney may attend and ask to appear at the hearing by mailing a "Notice of Intent to Appear" to the Court by **Month DD, YYYY**, but you are not required to do so.

**More Information.** Complete information about all your rights and options, as well as Claim Forms, the Long Form Notice, and the Settlement Agreement are available online at **www. loandepotbreachsettlement.com** or by calling toll-free **1-XXX-XXX-XXXX.**

_____

_____

_____

In re loanDepot Data Breach
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# EXHIBIT F-2

**Court-Approved Legal Notice**
In re loanDepot Data Breach Litigation
Case No. 8:24-cv-00136-DOC-JDE (C.D. Cal.)

In re loanDepot Data Breach Litigation
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**You Can Get a Cash Payment and FREE Financial Monitoring & Identity Theft Insurance Services To Help Protect Your Personal Information That May Have Been Taken in the loanDepot Data Breach.**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

Complete and Return the Claim Form by Month DD, YYYY.

**IF YOU ARE IN THE SETTLEMENT CLASS, YOU ARE ENTITLED TO CLAIM BENEFITS AND YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU TAKE ACTION.**

www.loandepotbreachsettlement.com
1-XXX-XXX-XXXX

*Para notificación en Español, llamar o visitar nuestro sitio web.*

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

| «NOTICE ID» «CLAIM ID»<br>«FIRST NAME» «LAST NAME»<br>«ADDRESS» | **LOANDEPOT DATA BREACH<br>CLAIM FORM** | «Barcode» |
|---|---|---|

*Complete this Claim Form, tear at perforation above, and return by U.S. Mail no later than ==Month DD, YYYY==.*

You may submit this Claim Form for Financial Monitoring and Identity Theft Insurance Services and a cash Monetary Payment. Because you have been identified as a resident of California, you are also eligible for a cash California Subclass Payment. Claims for Out-of-Pocket Costs must be submitted online at www.loandepotbreachsettlement.com using your Claim Number and Confirmation Code (located above) or by printing a Claim Form from the Settlement Website.

**FINANCIAL MONITORING AND IDENTITY THEFT INSURANCE SERVICES:** You have been identified as someone who is included in this class action settlement and eligible to receive two years of free financial monitoring and identity theft insurance services.

Provide your email address and return this Claim Form **no later than ==Month DD, YYYY==** to file a claim for Financial Monitoring and Identity Theft Insurance Services, or submit your claim online at www.loandepotbreachsettlement.com.

|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Email address (required unless you submit your claim online)

**MONETARY PAYMENT:** If you submit an approved claim, you will be sent a Monetary Payment, estimated to be between $~~36.51~~34.37 and $~~75~~.30, if the participation rate is between 2% and 10%, respectively, but before deducting ~~the cost of Financial Monitoring and~~ Out-of-Pocket Costs Payments from the remaining Fund. Monetary Payment amounts will be each Participating Settlement Class Member's pro rata share of the remaining Net Settlement Fund after all other Settlement Benefits have been paid.

**CALIFORNIA SUBCLASS PAYMENT:** If you received this notice and submit a valid claim, you will receive an additional California Subclass Payment for the claim brought under the California Consumer Privacy Act ("CCPA"), expected to be between $74.52 and $14.90, if the participation rate for California residents is between 2% and 10%, respectively.

To receive additional cash payments for Out-of-Pocket Costs, go to www.loandepotbreachsettlement.com. Payments will be sent electronically via Prepaid Card to the email addresses provided above. If you prefer to receive your Monetary Payment via another electronic method or by a physical check mailed to your address, submit your claim online at www.loandepotbreachsettlement.com.

**What is this Notice about?** A proposed Settlement has been reached with loanDepot, Inc. ("loanDepot") relating to an alleged data breach on January 3-5, 2024, whereby an unauthorized party potentially acquired the personally identifiable information ("PII") of approximately 16.9 million individuals associated with loanDepot ("Data Breach"). Plaintiffs claim that loanDepot did not adequately protect its clients' information. loanDepot denies any wrongdoing. No judgment or determination of wrongdoing has been made.

**Who is included in the Settlement?** Records indicate you are included in this Settlement and eligible to receive a cash payment and financial monitoring. Class Members are the approximately 16.9 million persons whose PII may have been acquired as a result of the Data Breach and are identified on the Settlement Class List as having been sent individualized written notice of the breach.

**What benefits can I receive?** Settlement Class Members can obtain several valuable benefits described below.

- **Two years of free Financial Monitoring and Identity Theft Insurance Services** through CyEx by Pango Group;
- **Monetary Payment**, for the alleged damages. The amount depends on the claims rate, but will be each Participating Class Member's pro rata share of the Net Settlement Fund, after all other Benefits have been paid;
- **Cash payment of up to $5,000 for Out-of-Pocket Costs**, for reimbursement of <u>documented</u> losses and/or expenditures fairly traceable to the Data Breach, may be reduced pro rata depending on the number of claims;
- **California Subclass Payment** to members of California Subclass for the claim brought under the CCPA, but will be each member of the California Subclass's pro rata share of the California Subclass Settlement Fund;

**How can I receive the Settlement Benefits? To receive benefits, you must file and submit a Claim Form, including any required documentation, on or before Month DD, YYYY.** You may use the enclosed Claim Form to file a claim for a Monetary Payment and California Subclass Payment or Financial Monitoring. To file a claim for Out-of-Pocket Costs, you must submit your Claim Form online, or obtain a Claim Form at **www.loandepotbreachsettlement.com** or by emailing **info@ loandepotbreachsettlement.com**.

**What are my other options?** If you file a Claim Form, object to the Settlement or do nothing, you are choosing to stay in the Settlement Class. You will be legally bound by all orders of the Court and you will not be able to start, continue or be part of any other lawsuit against Defendant or related parties about the Data Breach. If you don't want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself **on or before Month DD, YYYY..** If you do not exclude yourself, you may object to the Settlement **on or before Month DD, YYYY**.

**The Final Approval Hearing.** The Court has scheduled a hearing in this case for **Month DD, YYYY**, to consider whether to approve the Settlement, Service Awards, attorneys' fees and costs; as well as any objections. You or your attorney may attend and ask to appear at the hearing by mailing a "Notice of Intent to Appear" to the Court by **Month DD, YYYY**, but you are not required to do so.

**More Information.** Complete information about all of your rights and options, as well as Claim Forms, the Long Form Notice, and the Settlement Agreement are available online at **www. loandepotbreachsettlement.com** or by calling toll-free **1-XXX-XXX-XXXX**.

_____
_____
_____

In re loanDepot Data Breach
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103