**ROBINSON CALCAGNIE, INC.**
Daniel S. Robinson (SBN 244245)
*drobinson@robinsonfirm.com*
Michael W. Olson (SBN 312857)
*molson@robinsonfirm.com*
19 Corporate Plaza Drive
Newport Beach, California
(949) 720-1288; Fax: (949) 720-1292

**LARSON, LLP**
Stephen G. Larson (SBN 145225)
*slarson@larsonllp.com*
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
(213) 436-4864; Fax: (213) 623-2000

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Deborah De Villa (SBN 312564)
*ddevilla@ahdootwolfson.com*
2600 W. Olive Avenue, Suite 500
Burbank, California 91505
(310) 474-9111; Fax: (310) 474-8585

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian (SBN 249203)
*ak@kazlg.com*
Mona Amini (SBN 296829)
*mona@kazlg.com*
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
(800) 400-6808; Fax: (800) 520-5523

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Gary M. Klinger (*Pro Hac Vice*)
*gklinger@milberg.com*
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878

*Interim Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| *In re loanDepot Data Breach Litigation* <br><br> This Document Relates to: All Cases | Case No.: 8:24-cv-00136-DOC-JDEx <br><br> Assigned for All Purposes to: <br> Courtroom 10A; Hon. David O. Carter <br><br> **PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL CONFIDENTIAL SUPPLEMENTAL AGREEMENT** |

In accordance with Civil Local Rule 79-5.2.2(b), Plaintiffs submit the following application for an order to file under seal the Confidential Supplemental Agreement to the Class Action Settlement Agreement and Release, which concerns the threshold number of opt-outs required in order to allow loanDepot to terminate the Settlement Agreement ("Opt-Out Threshold"). A redacted version of the Confidential Supplemental Agreement is not being filed with this Application as the entire Confidential Supplemental Agreement is being filed under seal.

Good cause exists for the Court to grant this Application because the Parties have agreed in the Settlement Agreement that the entire Confidential Supplemental Agreement should be filed under seal with the Court, and disclosing this information may ultimately lead to the potential for abuse. Importantly, numerous courts have concluded that opt-out threshold information is irrelevant to class members. *See In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del 2002) ("The notice did not need to include details such as . . . the confidential 'optout' threshold beyond which defendant reserved the right to withdraw from the settlement" because it was "irrelevant to members' opt-out decision."); *see also In re Remeron End-Payor Antitrust Litig.*, 2005 WL 2230314, at *18 (D.N.J. Sept. 13, 2005) (concluding that conditions under which a settlement can be terminated need not be disclosed because they have "no legitimate bearing on a class member's decision to opt-out of [a] settlement, object, or file a claims form"); *Friedman v. Guthy-Renker, LLC*, 2016 WL 5402170, at *2 (C.D. Cal. Sept. 26, 2016) (explaining opt-out threshold information may matter to "a small subset of persons" but nonetheless granting plaintiff's motion to seal such information due to the risk of abuse).

Similarly, the court in *In re Anthem, Inc. Data Breach Litig.*, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017) granted the parties' request to seal the Opt-Out Threshold in that case, finding the following:

> This Court and other courts have found that [opt-out threshold] information is sealable in order to "prevent third parties from utilizing [this provision] for the improper purpose of obstructing the settlement and

obtaining higher payouts." If revealed, this information could lead to court files "becom[ing] a vehicle for improper purposes." Both class members and Defendants have a strong interest in avoiding strategic conduct by potential objectors in targeting a specific number of optouts. Thus, the Court finds that compelling reasons exist to seal this information . . . .

*Id.*; *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (affirming district court's decision to approve class action settlement despite objectors' contention that the confidential opt-out provision of the settlement agreement rendered the agreement unfair, noting that "[o]nly the exact threshold, for practical reasons, was kept confidential"); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 329 (C.D. Cal. 2016) (concluding the "threshold level of opt-outs which, if reached, permits JCPenney to withdraw from the Settlement Agreement . . . need not [be] disclose[d] to the class" and can remain under seal).

Here, the risk of abuse is "particularly acute" given the size of the Parties' settlement ($25 million), as well as the fact that loanDepot is a well-known company. *Spann*, 314 F.R.D. at 329–30 (holding that opt-out threshold need not be disclosed because "the size of the settlement [$50 million] and the fact that defendant is a well-known company likely mean that this settlement will generate attention and interest from many consumers and their attorneys"). Under these circumstances, "[p]ublicly disclosing the opt-out threshold would practically invite professional objectors to threaten the settlement by soliciting opt-outs." *Friedman*, 2016 WL 5402170, at *2.

The Parties not only agreed to file the entire Confidential Supplemental Agreement under seal, but Plaintiffs met and conferred with Defendants on November 27, 2024, prior to filing this Application, and informed Defendants of their intention to seal the Confidential Supplemental Agreement. Defendants do not oppose this Application.

Plaintiffs are filing this Application for Leave to File Under Seal in accordance with Civil Local Rule 79-5.2.2(b), along with the Declaration of Daniel S. Robinson in Support of Sealing, a [Proposed] Order, and an unredacted version of the Confidential

Supplemental Agreement filed under seal.

Dated: December 2, 2024

| | |
|---|---|
| */s/ Daniel S. Robinson* | */s/ Abbas Kazerounian* |
| Daniel S. Robinson | Abbas Kazerounian |
| Michael W. Olson | Mona Amini |
| ROBINSON CALCAGNIE, INC. | KAZEROUNI LAW GROUP, APC |
| 19 Corporate Plaza Drive | 245 Fischer Avenue, Suite D1 |
| Newport Beach, California | Costa Mesa, California 92626 |
| (949) 720-1288; Fax: (949) 720-1292 | (800) 400-6808; Fax: (800) 520-5523 |
| drobinson@robinsonfirm.com | ak@kazlg.com |
| molson@robinsonfirm.com | mona@kazlg.com |
| | |
| */s/ Stephen G. Larson* | */s/ Gary M. Klinger* |
| Stephen G. Larson | Gary M. Klinger |
| LARSON, LLP | MILBERG COLEMAN BRYSON |
| 555 S. Flower Street, 30th Floor | PHILLIPS GROSSMAN, PLLC |
| Los Angeles, CA 90071 | 227 W. Monroe Street, Suite 2100 |
| (213) 436-4864; Fax: (213) 623-2000 | Chicago, IL 60606 |
| slarson@larsonllp.com | (866) 252-0878 |
| | gklinger@milberg.com |

*/s/ Tina Wolfson*
Tina Wolfson
Deborah De Villa
AHDOOT & WOLFSON, PC
2600 W Olive Ave, Ste 500
Burbank, California 91505
(310) 474-9111; Fax: (310) 474-8585
twolfson@ahdootwolfson.com
ddevilla@ahdootwolfson.com

*Interim Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2024, I caused the foregoing to be filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: December 2, 2024  /s/ Daniel S. Robinson
Daniel S. Robinson